OPINION of the Court, by
Judge Owsley.
ThiS was an ejectment, brought by the appellants to recover the possession of a 400 acre tract of land patented to them in virtue of a county court certificate granted in 1801, under the act of assembly for settling and improving the vacant lands of this commonwealth.
The appellee claimed the land also under the laws of this country, but his patent being junior to that of the appellants, and he actually residing upon the land, contends that under the 5th section of the act passed 27th January 1812, (4 Litt. 383) the patent of the appellants, as respects his claim, is altogether inoperative.
To bring himself within the protecting influence of the act alluded tó, there is no doubt the appellee should be proved to have been actually seated upon the land in contest at the passage of the act. This, from the record in the present case, appears however not to be done. He, it is true, proves he had built a cabin and made some other improvements before the passage of the act; but the law clearly distinguishes between improvements of that Character and actual residence; and as he is shown to have removed to the land some months after the enactment of the law, the jury unquestionably, in deciding against the appellants, found contrary to evidence; ana the court, upon their motion for that purpose, ought to have awarded a*new trial.
*563 The judgment must be reversed, the cause remanded, and a new trial had not inconsistent with this opinion.