Stickley v. Chesapeake & Ohio Railroad Company, &c.

---

CASE 56—PETITION ORDINARY—SEPTEMBER 29.

## Stickley v. Chesapeake & Ohio Railroad Company, &c.

APPEAL FROM MASON CIRCUIT COURT.

93  323
f 102  487
f 102  490

93  323
f 108  671

93  323
111  628

1. RAILROADS—RIGHT OF ACTION FOR INJURY TO ABUTTING PROPERTY WHERE THERE HAS BEEN CHANGE OF OWNERSHIP.—A railroad company which enters upon and appropriates the land of another to its own use without right can not transfer its corporate privileges to another so as to justify a continuance of the wrong by its vendee as if the latter were an innocent purchaser.

2. Same.—Where the proximity of a railroad to the property of another is such as to prevent the owner's reasonable ingress and egress to and from his premises, or to cause necessarily soot and cinders to enter his dwelling, there is a taking of private property for public use for which compensation must be made. And if the company which constructed the road transfers it by lease or sale to another, the original company and its lessee or vendee are jointly liable to the owner for the damages sustained. Where, however, the injury resulted from the careless operation of the road, the rule is different, and the company operating the road at the time the injury was sustained is alone liable.

3. SAME.—Where property has been permanently injured by the construc-

Stickley v. Chesapeake & Ohio Railroad Company, &c.

tion and prudent operation of a railroad, the right of action to recover the damages sustained is in the person who owned the property at the time the road was constructed, although he may have parted with his title since that time.

4. SAME.—Where the injury is permanent in its character a single recovery should be had for all past, present and future damages.

## E. L. WORTHINGTON FOR APPELLANTS.

1. Appellants are the proper plaintiffs in this suit, notwithstanding they, in December, 1889, conveyed the property to another. (Chicago, &c., R. Co. v. Loeb, 59 Am. Rep., 341.)

2. If appellants had a cause of action growing out of the prudent operation of the road, it existed against whoever operated the road. (Opinion of Superior Court in L. & N. R. Co. v. Orr, 9 Ky. Law Rep., 677; Railroad Co. v. Hambleton, 40 Ohio St., 496.)

An unreasonable obstruction of the access to an abutting lot owner's property or the throwing of soot and cinders on the abutter's lot by a railroad in the street amounts to a *taking* of his property. (Fulton v. Short Route Co., 85 Ky., 652; L. & N. R. Co. v. Finley, 86 Ky., 294 E. L. & B. S. R. Co. v. Combs, 10 Bush, 382.)

This case, therefore, is similar in principle to a case where a railroad company builds its road through a man's farm without paying him therefor, and then leases or sells the road to another company, in which state of case it is well settled that the latter company is liable for the damages to the land owner. (Evansville R. Co. v. Grady, 6 Bush, 144; Indiana R. Co. v. Allen, 113 Ind., 308; s. c., 3 Am. St. Rep. 653; Pfeifer v. Sheboygan R. Co., 18 Wis., 155; s. c., 86 Am. Dec., 751; Lewis on Eminent Domain, secs. 622, 623.)

3. Whether this sort of action be considered an action for a *private* nuisance, which can not be legalized by the Legislature without compensation to the property owner affected thereby (Kemper v. Louisville, 14 Bush, 87; B. & P. R. Co. v. Fifth Baptist Church, 108 U. S., 317); or whether it is based upon an analogy to an action of trover in case of personal property, as suggested in Lewis on Eminent Domain, sec. 623, in either case the liability of a lessee is clearly maintainable.

## L. W. ROBERTSON ON SAME SIDE.

1. The lot and street adjoining, as to the lot owner, constitute but one piece of property, and an injury to the latter is an injury to the former and to the whole property. (Protzman v. Indianapolis, &c., R. Co., 68 Am. Dec., 650.)

2. No property, corporeal or incorporeal, can be taken or applied to a public use, except after compensation—which means payment in money—has been made. (Lewis on Eminent Domain, secs. 456, 621.)

And as no title passes until payment, a conveyance by the person

taking without payment passes nothing to the grantee. (Elliott on Roads and Streets, p. 183.)

The right to sue for damages is not payment. (Hall v. People, 57 Ill., 307; Elliott on Roads and Streets, pp. 178, 179 and notes; Davidson v. New Orleans, 96 U. S., 102.)

3. Many courts treat railroads which take property without previous payment as trespassers. (Ford v. Chicago, &c., R. Co., 80 Am. Dec., 791, 794 and note; Beasley v. Mountain Lake Water Co., 73 Am. Dec., 575; Indiana, &c., R. Co. v. Allen, 3 Am. St. Rep., 650.)

And where the original taker has not paid for the property his successor or lessee who uses the property is liable to the owner for compensation. (Evansville, &c., R. Co. v. Grady, 6 Bush, 144; Pfeifer v. Sheboygan, &c., R. Co., 86 Am. Dec., 751; Dayton, &c., R. Co. v. Lawton, 20 Ohio, 401; Lewis on Eminent Domain, sec. 622.)

4. The construction and operation of a railroad in a street, whereby an abutter's easement therein is injured or destroyed, is a nuisance, and where the company constructing the road afterward leases it to another the lessor and lessee are jointly liable to the abutting lot owner, the one as creator and the other as continuer of the nuisance. (Railroad Co. v. Hambleton, 40 Ohio St., 496.)

5. The injury was done appellants and to their property while they were the owners, and what was taken was their property, and did not pass to their grantee, and therefore they are entitled to sue for and recover for the injury and taking. (Lewis on Eminent Domain, sec. 625; Chicago, &c., R. Co. v. Loeb, 59 Am. Rep., 341 and note.)

WADSWORTH & SON, COCHRAN & SON for appellee.

Brief not in record.

JUDGE PRYOR delivered the opinion of the court.

The appellants, in the year 1887, owned a house and lot in the city of Maysville, located on Third and Poplar streets, and fronting on Third street. It is alleged in the petition that during the period these appellants owned the property the Maysville & Big Sandy Railroad Co. constructed a double track railroad on Third street, within six feet of the line of their lot and to the edge of a narrow sidewalk in front of it. That after the construction of the road and while the appellants owned the property, the Chesapeake & Ohio Railroad Co. took possession of the road under some arrangement with the Big Sandy Rail-

road Co., the terms of which are unknown to plaintiffs, and have been since operating the road and now have the exclusive control of it.

This action was instituted against both corporations to recover damages for obstructing the right of ingress and egress to and from this property, and also for an injury to the building caused by the smoke and cinders thrown into the building by the passing cars. The appellants conveyed this property prior to the bringing of the action, but were the owners when this wrong was committed by both defendants. A demurrer was sustained to the petition in so far as it claimed damages of the Chesapeake & Ohio Railroad Co. upon the ground that the Maysville & Big Sandy Railroad Co. is alone responsible if any liability exists. The question arises as to the liability of the lessee from the original corporation for the damages resulting from the permanent injury to the building, caused by the construction of the road, the lessee or last corporation using and operating the road while the apellants were the owners.

In the case of the L. & N. R. Co. v. Orr, reported in 91 Ky., 109, it was held that the statute of limitation might be pleaded against any claim for damages resulting from the necessary and prudent operation of the road, and that where there was a purchase by one corporation of another the purchaser was not liable for the torts of its vendor.

In that case there was no state of fact showing that the right of ingress and egress to and from appellant's building had been interfered with; but here it is distinctly averred that the right of property has been invaded by both the vendor, while it operated the road, and the ven-

dee, since its purchase or lease, in obstructing the right of entrance to this dwelling.

It seems to us there can be no good reason assigned for relieving a vendee from all liability for an injury that amounts to an invasion of another's property, where his possession is based upon no other title than a tortious entry by his vendor. The act of the vendor in appropriating the property being wrongful, that of his lessee is equally so. And while the lessee may not be liable for the mode of the original entry, he is, nevertheless, liable for appropriating this property to his own use. There is no question of limitation involved in this case. A railroad company which enters upon and appropriates the land of another to its own use, without right, can not transfer its corporate privileges to another so as to justify a continuance of the wrong in its vendee, as if the latter were an innocent purchaser. It is a taking in both instances without compensation being previously made to the owner. It seems to us, however, there is a manifest distinction between a tort committed by the corporation in the careless operation of the road, in so far as it affects its vendee, and a case where the property of the owner has been wrongfully appropriated by the vendor, and that wrongful appropriation continued by the vendee or lessee. The original tort might consist of the annoyance to the owner by reason of the throwing of soot and cinders into the dwelling, caused by the want of proper appliances to prevent it, and in such a case there is no reason for holding the vendee liable; but where the proximity of the road to the dwelling is such as to prevent the reasonable ingress and egress to and from the premises, or to cause necessarily soot and cinders to enter the

dwelling, then it becomes a taking of private property for public use and for which compensation must be made. (Fulton v. Short Route Transfer Co., 85 Ky., 640; L. & N. R. Co. v. Finley, 86 Ky., 294.)

Lewis on Eminent Domain says: "No right can be acquired in private property under the power of eminent domain, except subject to the duty of making just compensation therefor; consequently, the party originally taking or occupying the property can not transfer to another, by lease or otherwise, any right in the property, except subject to the same duty." (Sec. 456.)

The cause of action as alleged is in the plaintiffs, although they may have disposed of the property and are now divested of title. The injury alleged in this case is of a permanent character, and a single recovery should be had for the wrongful acts. This court so held in effect in the case of the Elizabethtown, &c., R. Co. v. Combs, 10 Bush, 382, and Jeffersonville, &c., R. Co. v. Esterle, 13 Bush, 667.

In the case of Fowle v. New Haven, &c., Co., 112 Mass., 334, where the action was for damages caused by the construction of a railroad in such a manner that at times the current of a stream of water would be thrown on the land of the plaintiff, the court held it was proper to treat the injury as permanent, and entire damages should be assessed with reference to past and future injury. Where the party seeks to recover damages of this sort, permanent in their character, he in effect consents to the taking and risks the recovery in damages for the compensation; and, as said in Heard v. Proprietors of Middlesex Canal, 5 Met. (Mass.), 81, the just compensation to be made for damage to land was, in our opinion, intended as an indemnity, not

for successive constantly accruing damages, recoverable as they may afterward be suffered, but for all the damage the land owner may suffer from all the future consequences of the careful and prudent operation of a railroad, it being the immediate damage done to the land of the owner by changing its permanent condition and impairing its present value. " The appraisement," says Mr. Mills, " embraces all past, present and future damages which the improvement may thereafter reasonably produce." (Mills. on Eminent Domain, sec. 216.)  When the railroad was constructed the damages could have been readily estimated, and the right of recovery being in the appellants. when the damage was sustained it did not pass by a subsequent conveyance to their vendees.  Besides, the vendees of the plaintiff took the property (if damaged) in its. depreciated condition, and there is no rule of law or equity that would permit them to recover damages they never sustained.  There has been some criticism on the doctrine requiring a recovery in one action for that which is a permanent injury.  In its application in cases involving the exercise of the right of eminent domain the doctrine must be recognized as sound, and when a corporation enters and constructs its railway without the payment of compensation, and the owner sees proper to hold the company responsible at law for damages for the construction of the road, it seems to us it is a consent to the taking, and a recovery must apply to all damages for the permanent injury sustained by reason of the prudent operation of the road. If the rule were otherwise, a separate action could be maintained for each and every time the cars of the corporation passed over the owner's land.

The correct rule is that all damages connected and

flowing from a single cause of action must be recovered in one action, and is elementary; and recognizing this rule the cause of action in this case is in those who were the owners at the time the damages were sustained and not in the present owners.

Can the action be maintained against both corporations? We think it can; and that they are jointly liable for the permanent injury to the property, such as a deprivation of the reasonable use of the street as a means of egress and ingress to and from the building, and for such other permanent injury as necessarily results from the prudent operation of the road.

It is an invasion of the right of property, as much so as if the track had been laid within the appellant's inclosure without their consent; and while the one company is not liable for the mere neglect of the other in running its trains, causing temporary injury, it is evident that, where the construction and operation of the road is an invasion of and an appropriation of the right of property without the owner's consent, he has a clear right to recover damages by way of compensation for the unlawful appropriation.

The doctrine of the case of Railroad Co. v. Hambleton, 40 Ohio St., 496, is that the two companies are jointly liable, and there is certainly a liability on the part of the appellee, because it entered and appropriated this property, while owned by the plaintiffs, without making any compensation and against their consent.

The entire questions arise on the demurrer to the petition, and the facts alleged being admitted by the demurrer the court erred in holding that no cause of action existed against the Chesapeake & Ohio Railroad Co. The judg•

ment is therefore reversed and cause remanded, with directions to overrule the demurrer, and for proceedings consistent with this opinion.

93  331
93  392

93  331
e110  104

·93  331
125  591

93  331
138  32

CASE 57—PETITION EQUITY—OCTOBER 1.