CASE 26—ACTION TO RECOVER DAMAGES TO PROPERTY FROM SURFACE WATER—OCT. 11.

# Louisville & Nashville R. R. Co. v. Brinton.

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

SURFACE WATER—LIABILITY OF RAILROAD COMPANY FOR CHANGING. FLOW—DEED OF RIGHT OF WAY—EFFECT.

Held: 1. Under Const. sec. 242, providing that "municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them," a railroad company is liable for the flooding of plaintiff's land by the construction of a culvert under its track, which was made necessary by the accumulation of surface water resulting from the construction of a platform by defendant changing the natural flow of the water, and this is true whether the common-law rule or the civil-law rule as to surface waters prevails in Kentucky.

2. The fact that the construction of a county road accelerated the flow of the water at the point where the culvert was made did not give defendant the right to conduct all that did gather on the land of plaintiff.

3. A deed conveying to a railroad company a right of way does not give it the right to accumulate water and discharge it in an artificial channel on the remainder of the vendor's land.

JOHN McCHORD & W. J. LISLE, FOR APPELLANT.

POINTS AND CITATIONS.

1. The petition alleged that the plaintiff was injured by changing the course of the water by the construction of a ditch across the railroad track, and there was no proof whatever that the construction of this ditch changed the course of the water.

2. Because the facts showed that before the construction of the railroad the water flowed across the plaintiff's land.

3. Because the proximate cause of the water flowing on to the plaintiff's land was the action of the road overseer in constructing a ditch along the county road at a point opposite to plaintiff's land, and there throwing the water over on that land.

4. The fact that any material amount of water flowed toward the plaintiff's land at all was due to the construction of the new county road across the hill south of the railroad, and the railroad company should not be held responsible for this accumulation of water.

5. Because the pleadings did not authorize the submission to the jury of the evidence tending to show that the flow of the water was changed by the construction of a platform or the filling up of a ditch from what it had been for several years after the construction of the railroad.

6. Because, moreover, it appears from the evidence that the real cause of the change was the filling up of the ditch on land not controlled by the railroad company.

7. Because, even if the railroad company had changed the course of the water by the filling up of the ditch on its own premises, through which, since the construction of the railroad, the water had flowed, even if the pleadings had made this the basis of the action, the defendant was not liable because the water was surface water, and the defendant had the right to improve its premises even though it had to change the course of that surface water, as this is the settled doctrine of the common law.

W. C. McCHORD, Attorney for Appellant.

H. W. BRUCE, W. J. LISLE & JOHN McCHORD, of counsel.

The appellee was awarded damages for the alleged change of a water course by the appellant, causing it to flow over the premises of appellee.

The appellant by its answer denies that the water in controversy is a water course and the reply virtually admits that it is surface water.

It is admitted that the surface water from the south side of the railroad track accumulated against the earthworks of the railroad, and flowed over the track by which the track was injured and made unsafe, and to protect its track the railroad company opened a ditch at the base of the earth-works and the water thus allowed to escape.

The question and the only question in the case is,—How may a land-owner or a railroad owning a right of way, dispose of surface water which may flow from higher lands on to their lands or its right of way? It must go somewhere and the only place it can go is over the lands that may be below it.

We claim that the appellant had the right to carry the water under its track if it did not thereby change its course, and the evidence in the case sustains this claim.

## AUTHORITIES CITED.

Am. & Eng. Ency. of Law, Vol 24, pp. 896, 897, 919, 950 & 951; Kemper & Wife v. City of Louisville, 14 Bush, 89; Gibbs v. Williams, 25 Kansas, 214; (37 Am. Rep., 241); Morrison v. Buckport &c. R. Co., 67 Me., 355; N. N. & M. V. Co. v. Wilson, 16 Ky. Law Rep., 262; Lawson on Rights & Remedies, sec. 2942; Tolle v. Clifton, 22 Ohio St., 247, (10 Am. Rep., 732).

EDWARD W. HINES, for appellant.

## POINTS AND CITATIONS.

1. Defendant had the right to put a culvert under its track for the purpose of discharging the surface water which flowed against its track, provided it did not change the course of the water. L. & N. R. Co. v. Deatherage, 15 Ky. Law Rep., 29.
2. The only issue made by the pleadings was as to whether the culvert changed the course of the water and there being no evidence tending to show that such was the fact defendant was entitled to a peremptory instruction.
3. Defendant is not liable for shedding surface water on a lower proprietor by building on its own land. Mo. Pac. Ry. Co. v.

Louisville & Nashville R. R. Co. v. Brinton.

Renfro, 52 Kan., 237; Middlesborough Town Co. v. Helwig, 14 Ky. Law Rep.. 430.

4. The act of the county road overseer in digging a ditch to a point opposite plaintiff's premises, and not the construction of the culvert, was the proximate cause of plaintiff's injuries.

5. Defendant is not liable for any injury resulting from a change in the course of the water caused by the proper construction of a defendant's road.   3 Elliott on Railroads, secs. 996, 1057.

H. P. COOPER, ATTORNEY FOR APPELLEE.

1. The natural flow of the water before the construction of appellant's track was and now is eastward, and it could never reach appellee's property except by the use of artificial means.

2. The peremptory instruction asked by appellant should not have been given.

3. Without regard to whether there was or was not a well-defined water course. "An owner of land has no right to rid his land of surface water, or superficially percolating water, by collecting it in artificial channels and discharge it upon the land of an adjoining proprietor." 48 N. J. Eq., 409; 11 Cent., 757; Schnitzins v. Bailey, 39 Ib. 482; Gould on waters, 471, sec. 271; 21 Iowa 160; 91 Ky., 215, Miller v. Hayden; 14 Ky., 719, L. & N. R. R. Co. v. Wilson; 15 R. 29, L. & N. R. R. Co. v. Deatherage; Sup. Court, Neb., Feby., 1897, Mo. Valley R. R. Co. v. Harlin; Palmer 1. Waddell, 22 Kan., 352.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The facts in this case are substantially as follows: The appellant's line of road runs east and west through the town of Pittsburg, alias Riley, across which, running north and south, is a county road. At a point where the county road crosses the railroad, the appellant has constructed a fill two or three feet high. East of the county road there is what is known in this record as Hays' Storehouse," which stood at an elevation of about three feet from the ground, on wooden posts. In front of this storehouse there was a platform, and the part of it immediately adjoining the storehouse belonged to the proprietor of the storehouse, and the other part, next to the railroad, belonged to it. The surface water of the boundary of land

south of the railroad, at the point in question, flowed
under the platform described; thence east, along the em-
bankment of the railroad, passing through a culvert, and
running in a northerly direction over the lands of the
appellee, which does not seem to have damaged it.   Debris
of some kind seems to have accumulated at or near the
point where the water flowed under the platform, causing
the water to accumulate against the railroad embankment.
This continued for a time, when the railroad company
constructed a culvert under its road through which this
water was conducted along the side of the county road
for some distance, when, from the want of a further out-
let along that side of the road, it forced its way across
the county road, at which point the road seems to have
a rock foundation, and on the property of the appellee,
Brinton, resulting in the destruction of a fine spring, a
tenement house, and damages to his place generally.   The
testimony tends to show that, subsequent to the construc-
tion of the culvert, the appellant removed its platform
in front of the store, and also one that it had on the west
side of the county road, and filled the space with rocks and
screenings, thus effectually preventing the flow of the
water along its embankment, and forced the water which
accumulated at that point from the way it had previously
flowed into the culvert on the lands of the appellee.
The trial resulted in a judgment against the appellant
for $150, and no complaint seems to be made as to the
reasonableness of the judgment, if the appellee is en-
titled to maintain his action.

The sole question presented here is whether the appel-
lant had the right to construct the culvert, or artificial
channel, and thus force the water to flow over appellee's
land, and produce the damage of which he complains.

Counsel for appellant insists that the rule of the common, and not the civil, law prevails in this State in reference to the use and disposition of surface water. The question involved in the case of Stith v. Railroad Co. (opinion this day delivered), 58 S. W., 600, was as to the right of the railroad company to construct a fill along its right of way, which caused the water to back upon and damage the upper proprietor. It was adjudged in that case that it could not do so without incurring liability for damages for the injury produced thereby. If counsel were correct in saying that the common-law rule had prevailed in this State as to the use and disposition of surface water—as to the correctness of such assumption we do not decide—it does not now prevail as to municipal and other corporations and individuals invested with the privilege of taking private property for public uses, as section 242 of the Constitution reads as follows: "Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual, before such injury or destruction. . . ." As we fully considered this section in Kemper v. City of Louisville, 14 Bush, 89, and Stith v. Railroad Co., it is not necessary to do so here.

The proof in this case tended to show that the water which accumulated against the embankment of the appellant was surface water; that it would not have flowed from the point where it gathered on the land of the appellee except for the artificial channel made by appellant. The act of the appellant, by placing rocks and screenings along the embankment, prevented the water from flowing

where it' would naturally have gone. The embankment
and the rocks and screenings caused the water to accu-
mulate near the point where the culvert was constructed,
and to carry it from that point on the land of the appellee
the artificial channel was made. The mere fact that the
county road may have accelerated the flow of part of the
water which gathered at the point where it entered the
culvert did not invest the appellant with the right to
conduct all that did gather on the land of the appellee.
Our opinion is that, under the rule of the civil and of the
common law, the appellant is liable for damages. How-
ever, if we were in error as to this, it would be imma-
terial, as it is clear that section 242 of the Constitution
makes it liable. It is said in Gould, Waters, section 271:
"An owner of land has no right to rid his land of surface
water, or superficially percolating water, by collecting it
in artificial channels, and discharging it through or upon
the land of an adjoining proprietor. This is alike the
rule of the common and civil law. . . ."

It is urged that as Riley, through whom the appellant
obtained its right of way, at that time owned the land
now owned by Brinton, being part of the track from which
the right of way was taken, the railroad company had
the right to build this embankment and culvert in the man-
ner described; that, although the injury resulted by reason
thereof, the appellee is in the same condition as would
have been the original proprietor, and that the injury re-
sulting was one for which no remedy exists. The deed is
one which simply purports to convey the right of way to
the appellant. There is nothing in it which gives the ap-
pellant the right to make an unlawful use of the
property conveyed by it. The vendor had the right to
rely upon the fact that the railroad would be constructed

so as not to damage him by its wrongful act. It did not confer upon the appellant the right to accumulate water and discharge it in an artificial channel on the remaining part of his land, and thus produce a serious damage. No such damage was in the contemplation of the parties at the time the deed was executed, neither does it relinquish a claim for damages for such an act. The judgment is affirmed.