CASE 63—ACTION TO ENFORCE JUDGMENTS—SEPT. 27.

# Tolle, &c., v. Owensboro, F. of R. & G. R. R. Co., &c.
## Berry, &c., v. Same.
## Owsley, &c., v. Same.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

RAILROADS—RIGHT OF PURCHASER—PRIORITY OF LIEN FOR DAMAGES FOR NEGLIGENT CONSTRUCTION—FORECLOSURE OF MORTGAGE—PURCHASER'S RIGHT TO LITIGATE CLAIMS IN FORECLOSURE SUIT.

Held:   1. No lien exists upon a railroad for damages recovered for temporary injuries resulting from negligence in the construction of the road, as from the negligent failure to construct a sufficient culvert under an embankment.

2. Where a foreclosure decree in the federal court provided that the purchaser should be entitled to litigate in that suit the claims of persons who had intervened therein and were asserting liens on the mortgaged railroad for the amount of their claims, the interveners could not escape that provision by dismissing their petition without prejudice, and resorting to another forum, and therefore a judgment rendered in their favor in another forum is not a lien on the road.

GEO. W. JOLLY AND J. A. DEAN, ATTORNEYS FOR APPELLANTS.

These consolidated actions were brought to enforce certain judgments obtained by the plaintiffs respectively at law against the Owensboro, Falls of Rough & Green River Railroad Company for damages to their real estate caused by the construction of said railroad, which judgments remain unsatisfied.

The petitions set out the recovery of the judgments and aver that pending said actions the said railroad was purchased by the Chicago, St. Louis & New Orleans Railroad Company, and by the latter leased to the I. C. R. R. Co., by whom it has been mortgaged to the United States Trust Company of New York, all of whom are made defendants and have filed answer.

The plaintiffs assert a lien upon the corpus of the railroad, and it is prayed that the earnings of the railroad be applied

through a receiver to the satisfaction of their judgments, or that the railroad be sold to satisfy the same.

The court below overruled a demurrer to each of the petitions. The defendants then filed answer and the court overruled a demurrer to the answer and sustained the demurrer to the petitions, and plaintiffs declining to plead further, their petitions were dismissed and they appeal.

The rule, as we understand it, is that the flooding of the lands constituted a "taking" in the meaning of the Constitution, and to the extent the owners were entitled to recover damages they have a lien upon the corpus of the road for satisfaction, and this lien is superior to any liens put upon the road by mortgage or otherwise after they acquired the land, and this whether the injury was permanent or temporary.

### CITATIONS.

Ball v. Maysville, &c., R. R. Co., 19 Ky. Law Rep., 1541; Pumpelly v. Green Bay Co., 13 Wallace, 166; Kaukauna W. P. Co. v. Green Bay Co., 142 U. S., 254; King v. United States, 59 Fed. Rep., 9; Vanderlip v. Grand Rapids, 73 Mich., 522; (16 Am. St. Rep., 597 and note); Eaton v. Boston, C. & M. R. R. Co., 12 Am. St. Rep., 147; Platt Bros. v. Watterbury (Com.), 148 L. R. A., 659 and note; Smith v. Sedalia (Mo.), 48 L. R. A., 711; Simmons v. Patterson (N. J.) ,48 L. R. A., 717; Sayre v. Newark (N. J.), 48 L. R. A., 722; Angell on Water Courses, sec. 465a; Gould on Waters, sec. 62 and notes, 243 and 249.

WALKER & SLACK, FOR APPELLEES.

Appellants recovered judgment against the Owensboro, Falls of Rough & Green River R. R. Co. for damages to their lands adjacent to the railroad which was caused by the embankment of the road being improperly constructed across a natural drain of surface water, thus causing their lands to overflow in time of rain.

In these actions they assert a lien upon the road now owned by appellee, Chicago, St. Louis & New Orleans R. R. Co., and operated by appellee, I. C. R. R. Co., as lessee.

At the time these judgments were obtained the corporate existence of the O., F. of R. & G. R. R. R. Co. had been destroyed by reason of the sale of its road and franchises, and it was practically dead with no counsel to represent it, and neither the mortgagee nor purchaser had any notice of the proceeding. The road having been placed in the hands of a receiver in March,

Tolle, et al., v. Owensboro, F. of R. & G. R. R. Co., &c.

1894, he, in that year, made an open culvert through said embankment of greater width than had been constructed, to replace the insufficient sewer pipe that had been placed under the embankment, and thereafter, during the time of rain, the surface water had as full flow as it had prior to the construction of the embankment.

The injury therefore was temporary and not permanent, and was inflicted by the improper construction of the embankment. The injury inflicted being a tort, no judgment thereon can be a lien. No lien exists except as the railroad company *properly exercises the right of eminent domain.*

The petition not only fails to show that the injury was permanent, or that it was inflicted by the exercise of the right of eminent domain by the railroad company, but it fails to show that the railroad company *had* any right of eminent domain because appellee failed to plead to the title of the charter of the railroad company or its terms.

PIRTLE & TRABUE AND J. M. DICKINSON, FOR APPELLEES.

LIST OF POINTS AND AUTHORITIES.

1. No lien exists to secure damages for flooding land by embankment constructed on railroad company's ground purchased at private sale, cases of destruction of ingress and egress being inapplicable. C. & O. Ry. v. Stickley, 93 Ky., 323; Ball v. M. & B. R. S. Co., 19 Ky. Law Rep., 1540. Such liens are of the nature of vendor's liens, and can only exist where land is taken. E. & P. R. R. Co. v. Helms' Heirs, 8 Bush, 681; R. R. v. Applegate, 8 Dana, 294; W. Covington v. Freking, 8 Bush, 128; Schneider v. Jacob, 9 Ky. Law Rep., 382.
2. Section 242, Kentucky Constitution, is given too broad a construction in Stith v. L. & N. R. R. Co., 22 Ky. Law Rep., 653, and L. & N. v. Brinton, Ibid., 664; and as there construed would conflict with the fourteenth amendment to the Federal Constitution.
3. No lien exists to secure damages arising from improper construction or operation of railroad. E. & P. R. R. Co. v. Helms' Heirs, 8 Bush, 681; J. M. & I. R. R. Co. v. Esterle, 13 Bush, 667; Fulton v. Short Route, &c., 85 Ky., 640; L. & N. v. Orr, 91 Ky., 109; C. & O. Ry. v. Stickley, 93 Ky., 323; Ball v. M. & B. S. R. Co., 19 Ky. Law Rep., 1540.
4. Action *in personam* does not affect mortgagee not a party to the action. Hassall v. Wilcox, 130 U. S., 493.

5. Appellees obtained the railroad from the purchaser at foreclos-
ure sale free of the claim of appellants to a lien. Cook v.
Avery, 147 U. S., 375; Avery v. Popper, Advance Sheets Law
Ed. Jan. 1, 1901, p. 194.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The appeal in these consolidated actions is from a judg-
ment of the Daviess circuit court sustaining demurrers to
the petitions of the appellants, in which they sought to sub-
ject the corpus of the railroad in the hands of its present
owners to the payment of certain judgments alleged to
have been obtained against the former owner, the Owens-
boro, Falls of Rough & Green River Railroad, for having
flooded certain lots belonging to them, adjacent to the
railroad right of way, by the failure of the then owner to
put in a culvert under an embankment constructed for the
use of the railroad sufficiently large to carry off sur-
face water, and for having by means of a ditch diverted
from its natural course, water which was discharged into
the drain above the embankment. The appellees an-
swered: That in July, 1892, the Owensboro, Falls of Rough
& Green River Railroad Company mortgaged its railroad
and all of its property to the Metropolitan Trust Company
to secure the payment of certain bonds which were issued
to raise money to pay for the construction of the road,
and that the injuries complained of in the suit instituted
by the appellants in the Daviess circuit court against the
Owensboro, Falls of Rough & Green River Railroad Com-
pany were temporary in their nature, and wholly due to
the negligent construction of the road, and occurred long
subsequent to the execution of the mortgage. That in
1893 the mortgagee instituted suit in the United States
circuit court to enforce its mortgage, and asked for a sale
of the road. That appellants intervened in that proceed-

ing, and asserted the same claim for damages which they had previously set up in their suit in the Daviess circuit court, and sought the same relief, alleging that the overflow of their lots was due to the negligent, careless, and improper construction of the culvert. That the mortgagee answered in that proceeding controverting the allegation of fact and claim for lien. That in December, 1896, a decree was entered directing a sale of the entire property to satisfy the mortgage, subject to such liens of the interveners as might be finally adjudged prior to the mortgage, and only to the extent so finally adjudged, and that the purchaser might litigate all such claims in that suit, and have all the rights in respect to such litigation which complainant or cross complainant might have. That the property was sold under the decree, and that appellants subsequently, on their own motion, dismissed their intervening petition in the United States court without prejudice. That the sale of the railroad property was confirmed, and deed made to the purchasers. That in January, 1898, appellants, without making appellees parties or asserting claim for a lien upon the railroad, renewed their suits in the Daviess circuit court against the Owensboro, Falls of Rough & Green River Railroad Company, and a trial before a jury resulted in the judgments which are the basis of appellants' claim in this proceeding; and pleaded by way of defense to the claims of prior lien: First, that appellants are concluded by the judgment in the federal court; second, that the judgments sought to be enforced were for temporary injuries due to careless construction, and which had been remedied years before the final trial of the case, and did not create a lien upon the corpus of the railroad. That no lien was asserted in either action.

We take it that the law is well settled in this State that damages of every kind for permanent injuries to real estate necessarily resulting from the prudent construction and operation of a railroad may be recovered in a single action against the railroad company inflicting the damage, and judgments for injuries of this character are a lien upon the corpus of the railroad prior to either a prior or subsequent mortgage, and can not be defeated by sale of the road, provided the lien is asserted within the statutory period of limitation. The grounds upon which this doctrine rests are fully discussed in the recent case of Stickley v. Railroad Co., 93 Ky., 327 (14 R. 417) ( 20 S. W., 261), and Ball v. Railroad Co. (19 Rep., 1541) (43 S. W.,) 731. But the injuries which result from causes which are temporary in their nature, and which may be remedied without interference with the prudent operation of the road, stand upon a different footing. In this class of cases no lien exists upon the road for damages recovered for such injuries, and no recovery can be had for prospective injuries, but only for such as have actually occurred up to the trial of the action, and suit may be maintained as often as there is a recurrence of the injuries from this cause until its final removal. Railroad Co. v. Combs, 73 Ky., 382, (19 Am. Rep. 67); Railroad Co. v. Orr, 91 Ky., 109 12 R. 756 (15 S. W., 8); Railroad Co. v. Ingram (19 Rep., 853) (30 S. W., 8). It is manifest from these decisions that there are two classes of action for damages against railroad companies. The first class for permanent injuries is an appropriation of the property within the meaning of section 242 of the Constitution, but for injuries which result from mere negligence, which are temporary in their nature, no lien exists. The claim in such case is founded upon a tort, like claims for personal

injuries, and to this latter class the actions which culminated in the judgments sought to be enforced belong, and are, therefore, not liens upon the corpus of the railroad. We think the general demurrer to the answer of defendants was properly overruled, and that to the petition properly sustained.

We think, however, that this proceeding can not be maintained on another ground.    Appellants voluntarily became parties to the foreclosure proceeding in the federal court, set up their claim, and were bound by the foreclosure decree, which provided that the purchaser should receiye the deed and take the property subject to such liens of the interveners then pending in the case as might thereafter be adjudged prior liens.    It further provided that the purchaser should be entitled to litigate these claims, and in that suit to appeal from any and all judgments of the court with respect thereto.    We think appellants were bound by these provisions of that judgment, which secured to the purchasers of the property decreed to be sold the right to litigate their claims in that forum; and that they could not thereafter escape this provision of the judgment by dismissing their petition without prejudice, and resort to the forum which they had abandoned nearly four years before.    See, Freem. Judgm. p. 852, section 485; Hollister v. Abbott, 64 Am. Dec., 342; Dupuy v. Johnson, 4 Bibb, 562; Garner's Adm'r v. Strode, 5 Litt., 314.    For the reasons indicated, the judgment is affirmed. Whole court sitting.

Judge Guffy dissenting.