## City of Henderson v. Robinson, etc.

(Decided February 14, 1913.)

### Appeal from Henderson Circuit Court.

1. Municipal Corporations—Construction of Sewers by Third Class City—Health and Property Rights.—A city of the third class has authority to adopt and construct a system of sewers, but it cannot in doing so produce conditions that are injurious to the health or property rights of persons residing in or contiguous to the city.

2. Municipal Corporations—Drainage—City not Liable for Damages from Natural Drainage—Liable for Damages Caused by Pollution of Stream.—The city is not liable in damages to the owners or occupants of lands lying upon or contiguous to a creek, within or near its corporate limits, for the emptying therein of surface waters which flow through natural drains or courses from the city's territory. But is liable in damages for the drainage into the creek from sewers of the city of human excrement and other filth which pollute the waters of the creek to such an extent as to render them unfit for stock water and so poison the surrounding atmosphere as to endanger the health of residents on and adjacent to the stream or interfere with the reasonable use of their homes. In such case the measure of damages is the diminution in the value of the use of their homes and of the waters of the creek as stock water, during the continuance of the pollution of the stream.

JOHN C. WORSHAM, for appellant.

S. V. DIXON, W. P. McCLAIN, for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellees, M. D. Robinson, W. H. Sassee, H. B. Drury and J. T. Spann, residents upon Canoe Creek, a stream which runs in part with the eastern boundary of the city of Henderson, each instituted in the court below an action against the appellant, City of Henderson, H. Kraver and the Kentucky Peerless Distilling Company, to recover damages for the alleged pollution, by the several defendants named, of the waters of Canoe Creek, caused, as charged, by the wrongful drainage therein of the city's sewage and slops from the distillery of Kraver and the Kentucky Distilling Company, it being alleged in each of the petitions that the waters of the creek were thereby made so impure as to render them unfit for use as stock water, cause them to emit foul odors and so poison the atmosphere surrounding the creek as to endanger the lives of each of the appellees, his family and stock, make their houses at times uninhabitable and depreciate the value and use of the real estate along and contiguous to the stream, on which each resides.

Spann owns the land on Canoe Creek on which he resides, but the other appellees are merely renters of the lands on the creek occupied by them. The several petitions were answered separately by the defendants, each answer traversing the allegations of the petition, as amended, to which it was filed. In addition, the answer of the city of Henderson alleged that as a city of the third class it has the power to establish and maintain an adequate system of sewers, in the exercise of which power, it made use of Canoe Creek in which to drain the sewage of the city by the proper construction of two twenty-four-inch tile sewers, which were made to empty into the creek; that the sewage thus emptied into the creek came from those sections of the city that had for more than thirty years entered the creek as its natural drain and outlet; and that such use of the creek had been acquiesced in during that entire time by the appellees and those under whom they claim. Moreover, that the city of Henderson had not prior to the institution of appellees' actions, been notified by them that they had suffered any injury from the construction of the new sewers and the emptying of the sewage therefrom into the stream.

It was also alleged in the several answers that the long continued use by it of Canoe Creek as the natural

outlet for the drainage of its territory contiguous thereto, gave it the right, by prescription, to continue to so use it; and, therefore, to so construct its new sewers as to empty their contents therein. By an amended answer, filed to each of the petitions, the city further alleged that upon receiving notice of the institution of appellees' actions, it prepared plans for a new system of sewers to take the place of those complained of, and soon thereafter advertised for bids for doing the work, the lowest of which had been accepted, and that the new sewers would be constructed without delay. By agreement the affirmative allegations of the answers and amended answers were controverted of record.

The four cases were consolidated and tried in the circuit court as one case by the one jury. The trial resulted in separate verdicts in behalf of the appellees against the City of Henderson, and H. Kraver; that in favor of Robinson being for $225.00 against the city and $25.00 against Kraver; that in favor of Sassee for $225.00 against the city and $25.00 against Kraver; that in favor of Drury for $450.00 against the city and $50.00 against Kraver, and that in favor of Spann for $450.00 against the city and $50.00 against Kraver.

The Kentucky Peerless Distilling Company was exonerated from any liability to appellees by a verdict to that effect, returned by the jury in obedience to a peremptory instruction from the court. Judgments were duly entered in accordance with the several verdicts, and from the judgments entered against it, the city of Henderson has appealed.

It is insisted for the appellant, city of Henderson, (1) that the verdicts are not sustained by the evidence and were rendered under the influence of passion and prejudice; (2) that the court should have peremptorily instructed the jury to find for the appellant as against each of the appellees; (3) that the instructions given by the court do not correctly state the law of the case.

The record furnishes no ground for sustaining the first contention. It is true, as shown by much of the evidence, that Canoe Creek, prior to the construction of appellant's sewers in 1907 or 1908, received a large part of the surface drainage from the city's territory, bordering thereon, but it does not appear from the evidence that such surface drainage polluted the waters

of the stream; and prior to the construction of the sewers in question, no complaint was heard from appellees as to the pollution of the stream. It, however, abundantly appears from the appellees' evidence that since the construction by appellant of the sewers, the waters of Canoe Creek have become so polluted as to render them unfit for use as stock water, cause them to emit foul odors and so poison the atmosphere surrounding the creek as to endanger the health and lives of the appellees, their families and stock, at times render their homes uninhabitable and depreciate the value and use of the real estate upon which they reside. The difference between surface drainage and sewage drainage can readily be understood. The former merely emptied into Canoe Creek the surface water from the natural drainage of that part of the city's territory bordering on the stream. While such drainage doubtless contained considerable filth, it was not of a character or so great in quantity, as to materially pollute the stream and produce the odors or unhealthful conditions complained of by the appellees; indeed, according to the evidence it had not done so. The drainage from the sewers of a city is of a wholly different character, as it contains not only the slops of the houses with which the sewers are connected, but also the human excrement and other filth from the occupants of the houses which must necessarily be disposed of through the sewers of the city. Such excrement and filth upon being emptied into the creek and exposed to the chemical changes that would be brought about by its waters and the atmosphere, would necessarily become putrid, pollute the stream, render it unfit for use, poison the atmosphere, and thus produce the conditions complained of by appellees.

In view of the foregoing facts it may well be said that the injuries, of which appellees complain, grew out of the unlawful and wrongful acts of appellant in so constructing its sewers as to cause their contents to be emptied into Canoe Creek, instead of being disposed of as other sewage of the city. It may be true, as some of the evidence tended to show, that the conditions complained of by appellees, were in part brought about by the emptying of slops from Kraver's Distillery into the creek. Such evidence, however, failed to show that the distillery slops did more than discolor the water; but if it be conceded that they contributed to the pollu-

tion of the stream, that fact would not relieve appellant of liability, as, according to the evidence, its sewers, in greater degree, caused its pollution. It is apparent from what we have said of the evidence, that it is, in our opinion, sufficient to support the verdicts.

We are unable to understand upon what ground appellant's counsel rests his complaint that the verdicts were rendered under the influence of passion and prejudice. The amounts they award the appellees, respectively, are not so unreasonable or excessive as to warrant such a conclusion; and we do not find in the record of the trial, any fact or occurrence that was calculated to inflame the passions or excite the prejudices of the jury.

Appellant's contention that the refusal of a peremptory instruction was error is bottomed on the theory that its long use of Canoe Creek as an outlet for its surface drainage, gave it a prescriptive right to use it as a receptacle for the contents of its sewers. This cannot be so. We deem it unnecessary to decide whether appellant's alleged right by prescription to the use of the creek for surface drainage is maintainable, but, if it be conceded that it had such right, it cannot be invoked to authorize the use of the creek as a receptacle for the contents of its sewers, which is a wholly different use and one that necessarily proves hurtful to persons who own or reside on lands upon or contiguous to the stream. The latter use therefore constitutes both a public and private nuisance, the continuance of which by the city, wrongs each of the appellees, because of the pollution of the water of the creek so as to render it unfit for stock water, and the air, so as to make their homes at times uninhabitable. The thing complained of by the appellees, is not the former draining of surface water into the creek, but of its being befouled by the human excrement and other poisonous matter emptied into it through the sewers. In other words, the wrongful act of appellant in constructing its sewers in such a manner as to drain their contents into the creek and its negligence in making such use of the creek, are the wrongs complained of. As the sewers were constructed within five years next before the institution of these actions, and the resulting injuries were sustained within that time, appellees' right to recover was in no way dependent upon a previous notice and request to appellant

to abate the nuisance, or affected by the statute of limitations, upon which appellant seems to rely, although insufficiently pleaded. Obviously, the refusal by the circuit court of the peremptory instruction asked by appellant, was not error.

Appellant's third and final contention that the jury were not properly instructed as to the law of the case, we must, in part sustain. Instruction No. 1 should not have been given, because it fails to confine the appellees' right to recover to such damages as they may have sustained, within five years next before the institution of their actions, from the pollution of the creek by the drainage from appellant's sewers; and also because of its failure to properly define the measure of damages. As, in substance, before stated, the damages sought to be recovered by appellees are such as were sustained by the pollution of the creek, because of appellant's wrongful construction of its two sewers in such a manner as to cause their contents to be emptied in the creek. There can be no recovery for its previous use of the creek as an outlet for the surface drainage. The recoveries being allowable only on the ground first indicated, the injuries being temporary, and the sewers readily removable or capable of being so changed as to prevent the emptying of their contents into the creek, these cases belong to the class referred to in M. H. & E. R. R. Co. v. Graham, 147 Ky., 604, as including cases of the character in which recurring recoveries may be had, by the same plaintiff against the same defendant, for similar injuries, similarly inflicted from time to time. L. & N. R. R. Co. v. Cornelius, 111 Ky., 752; Childers v. L. & N. R. R. Co., 24 R., 2375; Stith v. L. & N. R. R. Co., 109 Ky. 168; L. & N. R. R. Co., v. Brinton, 109 Ky., 180; M. H. & E. R. R. Co., v. Thomas, 140 Ky., 143; City of Louisville v. Coleburn, 22 R., 64; Klosterman v. C. & O. Ry. Co., 22 R., 192; Finley v. Williamsburg, 24 R., 1338; Turner, &c., v. J. M. Brooks & Sons, 151 Ky., 310.

The measure of damages applicable to each of the several actions included in this appeal is the diminution in the value of the use of the property, owned or occupied by each appellee, during the continuance of the nuisance or injury covered by the period for which the action was brought. Pickerell v. city of Louisville, 125 Ky., 213; City of Madisonville v. Hardman, 29 R., 253;

L. & N. R. R. Co. v. Carter, 25 R., 759; Bannon v. Rohmeiser, 17 R., 1379.

Instruction No. 2 was proper on the last trial, but as the cases were ended as to Kraver on that trial, and the appellant city of Henderson will be the only defendant on the next trial, this instruction should not again be given. Instruction No. 3 should, however, be given on the next trial, after changing the word defendants to defendant.

On another trial the court should give, in lieu of instruction No. 1, the following:

(1) If the jury believe from the evidence that the defendant, city of Henderson, within five years next before the institution of the plaintiff's several actions, did construct its several sewers at Second street and through its suburb, Audubon, in such a manner as to cause them to empty into Canoe Creek any human excrement, or other deleterious or putrid matter; and shall further believe from the evidence that said matter, if any there was emptied into said creek, produced a foul and nauseating or poisonous stench and polluted the waters of the creek to such an extent as to pollute or poison the atmosphere and thereby deprive the plaintiffs or either of them of the reasonable use of the waters of the creek as stock water, or impair the reasonable use, comfort and enjoyment by the plaintiffs, or any of them, of their homes or lands, then and in that event, you should find for the plaintiffs, or such of them, if any, as were so injured; such damages, if any, as you may believe from the evidence they or he sustained thereby. But unless you shall so believe and find from the evidence as above required, your verdict should be for the defendant.

(2) But if the jury find for plaintiffs or any of them, they should not allow them or any of them, any damages that resulted to them, or any of them, by reason of appellant's draining, or allowing the drainage, of surface water alone into Canoe Creek, before or after the sewers on Second street and from Audubon were constructed.

(3) If the jury find for plaintiffs, or any of them, as predicated in instruction No. 1, they should allow them or him, such a sum in damages, if any, as they may believe from the evidence will fairly compensate them or him, for the diminution, if any, in the value

of the use and enjoyment of the lands and homes owned or occupied by them or him, and for the diminution, if any, in the value of the appurtenant use of the creek for stock water, that may have resulted from and been directly caused by the act of appellant in so constructing its sewers as to cause their contents to empty into the creek, if they did so empty therein, but the damages, if any are allowed, should not exceed $1,500.00 to each plaintiff, found to have been damaged.

There was no error in the refusal of the instructions asked by the defendant. For the reasons indicated the judgment is reversed and cause remanded for a new trial consistent with the opinion.