## Matney v. Chesapeake & Ohio Railway Company.

(Decided May 10, 1916.)

### Appeal from Johnson Circuit Court

1. Municipal Corporation—Streets—Dedication—Abutting Owners.— If the proprietor of lands lays out a town therein, and makes and publishes a plat of the town, showing the lots to be sold and the streets and alleys, and dedicates the streets and alleys to the use of the town, and sells the lots with reference to the streets and alleys, the purchasers of the lots become vested with the ordinary rights of an abutting property owner in such streets and alleys, and such rights run with the lands, whether the town be incorporated or not.

2. Railroads—Obstruction of Street—Abutting Owners.—If a railroad is lawfully constructed in a street, and its construction and prudent operation obstructs the abutting property owners' right to the reasonable use of the street for ingress or egress to and from his property, or the proximity of the road is such that soot, cinders and ashes are necessarily thrown into and upon the houses of the lot owners, the injury is a permanent one and may be recovered in one action, and the measure of damages is the diminution in the market value of the property caused by the location of the tracks of the road in the street and the prudent operation of the trains over the tracks.

3. Railroads—Measure of Damages.—If the structure is a temporary one, or the injury arises from a negligent construction of the road, or its construction is unlawful, or the trouble can be corrected at a reasonable expense, the injury is temporary, and the property owner may sue and secure recoveries as from time to time his property suffers injuries, and the measure of damages is the decrease in the rental value of the property, if rented; and if occupied by the owner, the damage to its use and occupation.

4. Railroads—Failure to Compensate for Land for Tracks—Damages. —If a railroad constructs its tracks upon lands without making any compensation therefor, and the owner sues for damages, it will be considered that he has consented to the location of the road at that place.

C. B. WHEELER for appellant.

M. C. KIRK and WORTHINGTON, COCHRAN & BROWNING for appellee.

Opinion of the Court by Judge Hurt—Affirming.

The appellant, Mary Matney, a married woman, owns several lots in the village of Whitehouse, in Johnson county, one of which abuts upon a street known as Main street, and upon this lot is a dwelling house, situated fifty or sixty feet from her property line. In 1887 the persons who owned the land at that time upon which the village is situated, caused it to be laid off into lots, with streets and alleys, and a plat to be made of it, and executed a writing, by which they dedicated all the streets and alleys, which were indicated upon the plat, to the use of the village. Main street was one of the streets so designated on the plat and so dedicated. Main street, at that time, was eighty feet in width, but thirty feet of its width on the southwest side of the street was dedicated as a place for the construction of a railroad, but until it was used for that purpose, it was to be left open as a part of Main street. The appellant's lots are upon the northeast side of Main street, and are four in number and adjoin each other; the one upon which the dwelling stands abuts upon Main street, and the other three lie in a row directly back of it from Main street, and between it and the Levisa Fork of Sandy River. A street called Oak street runs from the river in a southwest direction and intersects Main street, and appellant's lots abut upon it upon the northwest side. An alley called Cherry alley runs from the river and intersects Main street upon the opposite side of appellant's lots from Oak street, and the lots upon that side abut upon this alley. The appellant claims to have bought the lots toward the latter part of the month of February, 1904, and her vendor executed to her a writing evidencing the transaction, which has been since lost, but that the lots were, however, conveyed to her by a deed in 1909. The appellee, Chesapeake & Ohio Railway Company, denied her ownership of the lots at any time. Main street was never accepted as a street by the authorities of the village, as it never became incorporated as a town until within the last three or four years. A public highway was never established over the street by the county authorities, but after its opening as a street, the public traveled over part of it and made use of it as a road. The county authorities never did any act, in regard to the street, which could be considered

as an acceptance of it as a highway. Several years previous to 1904 a railroad track was constructed upon the thirty feet upon the southwest side of Main street, which had been dedicated for such by the original owners of the land, and over this track was hauled coal from certain coal mines. As shown by the evidence of the appellant, in the year 1904, and after she became the owner of her lots, the present track of appellee was constructed along Main street, about thirty feet from her property line, and upon the fifty feet, in width, of the street, which was dedicated to the use of the village. After its construction trains were daily operated over it. At the time of the construction of the railroad track upon the fifty feet of the street, which had been dedicated to the use of the village, the track which was upon the thirty feet of the street, which had been set apart for a railroad track, was torn up and removed, and a road for the public to travel was constructed by the railroad upon the thirty feet which had formerly been occupied by the railroad track. In the year 1911 the appellee put down another track in the street upon the fifty feet of it, which was dedicated for the use of the village, and between it and appellant's property line. At the same time, the appellee constructed a road for the public to travel upon along the street, and between appellant's property line and the last one of the railroad tracks constructed by it. It does not appear that the appellee received authority from any one or from any source to construct the two railroad tracks along the street, upon the fifty feet of it which was dedicated for the use of the village as a street, but the abutting property owners, including appellant, made no objection nor offered any protest to such use of the street by the appellee, and acquiesced in it until the bringing of this suit, on the 26th day of June, 1912. The appellee contended and introduced evidence conducing to prove that the first of the tracks, which it constructed upon the fifty feet of the street, which was dedicated to the use of the village, was constructed in the year 1903, and before appellant became the owner of her lots.

The cause of action, which appellant set out in her petition, was that she was the owner of the lots; that the street had been dedicated to the use of the owners of the lots in the village, in 1887; that the owners of the lots had used it as a public easement since its dedi-

cation as a matter of right; that she had an easement in the street in common with the other owners of lots; that the appellee, in 1904, had entered upon the street without right and erected a railroad over it, thereby leaving a bank and ditch in front of her property, and still maintains and operates the road over the land, thereby depriving the appellant of the use and benefit of the street as an easement; that she has an interest in it for the travel of herself and family; that appellee wrongfully constructed the road and maintained and operated its cars over it in front of her property, to her annoyance, inconvenience and injury in the sum of $1,000.00.

The appellee traversed all of these averments, and relied upon the five-year statute of limitations.

The appellant replied, denying that the five-year statute of limitations applied, and, also, in avoidance of that plea, alleged that appellant was a *feme covert* at the time of the injury and since.

The evidence offered upon each side was upon the questions as to when the first track was laid in the street, upon the fifty feet dedicated to the use of the village and when appellant became the owner of her lots; the location of appellant's lots, and dwelling; the nature of the work done in the construction of the tracks; the crossings upon the street adjacent to appellant's property; the removal of the dirt in the construction of the tracks, and the proximity of the diggings to appellant's lots; the width from appellant's property line to the tracks; the market value of appellant's property just before it was generally known that the tracks were going to be constructed, and its market value after their construction; the soot and smoke sent forth by the engines hauling the cars, and its effect upon appellant's house.

The jury returned a verdict in favor of appellee, and a judgment was rendered accordingly, dismissing the petition. A motion for a new trial being denied, the appellant seeks a reversal of the judgment upon the ground that the verdict of the jury is palpably contrary to the weight of the evidence; and further, that the appropriation of the street by appellee was unlawful, and for that reason the appellant was entitled to recover.

The fact that the village was not incorporated, nor the street accepted by the municipal authorities does not

affect the rights of appellant in the street, as an abut- ting property owner. The proprietor of the lands upon which the village is situated having laid it off into lots, streets and alleys, and published the plan of the village, showing the streets and alleys, and having sold the lots for places of residence with reference to the streets and alleys, vested in the purchasers of the lots the right to the reasonable use of the street as a means of ingress to and egress from the lots, and this right was one which attached and ran with the lots, and can not be taken from the lot owners without compensating them there- for. Rowan's Exor. v. Town of Portland, 8 B. M. 232.

If a railroad is lawfully constructed in a street by the consent of the municipal authorities, and its construc- tion and prudent operation obstructs the exercise of an abutting property owner's right to the reasonable use of the street for ingress and egress, and its proximity to the property is such, that the operation of trains over it necessarily causes soot and cinders to be thrown into the houses and against them, to their injury, it is held to be a permanent injury to the property, and the prop- erty holder may recover damages which he has suffered thereby, and the measure of damages is the diminution in the market value of the property occasioned by the location of the tracks in the street, and the result of the prudent operation of the trains over the tracks. Stick- ley v. C. & O. Ry. Co., 93 Ky. 323; J. M. & I. R. R. Co. v. Esterle, 13 Bush 667; Elizabethtown, Etc. Co. v. Combs, 10 Bush 382; Klosterman v C. & O. Ry. Co., 114 Ky. 426. The damages resulting from the entire permanent injury to the property can be sued for and recovered in one action. The further rule is that, if the structure complained of is a temporary one, or the injury com- plained of arises from a negligent construction of the structure, or its erection is unlawful, or the trouble can be corrected at a reasonable expense, then the injury to the property is to be considered temporary, and the property owner may secure recoveries as from time to time his property incurs injuries. The measure of dam- ages in such cases is the decrease in the rental value of the property, if rented; if occupied by the owner, the damage to its use and occupation. Louisville v. Cole- man, 22 R. 64; Klosterman v. C. & O. Ry. Co., 22 R. 192; Finley v. Williamsburg, 24 R. 1338; L. & N. R. Co. v. Cornelius, 111 Ky. 752; Childers v. L. & N.

R. R. Co., 24 R. 2375; Stith v. L. & N. R. R. Co., 109 Ky. 168; L. & N. R. R. Co. v. Brinton, 109 Ky. 180; M. H. & E. R. R. Co. v. Thomas, 140 Ky. 143; 148 Ky. 131; C. & O. R. R. Co. v. Stein, 142 Ky. 515; Thomas Bridges' Sons v. Evansville Brick Co., 105 S. W. 946.

The appellant complains upon this appeal that she did not have a fair trial, because the appellee was unlawfully in the street; that it had without lawful authority appropriated the street, and for that reason she should have recovered in the action.

It is not necessary to decide in this case what effect the unlawful appropriation of the street by appellee has upon the rights of appellant, as she elected to treat its location in the street as a permanent structure, and to treat it as though it was lawfully there, and to recover from it the damages to her property only, to which she had a right of recovery, if it had been lawfully placed in the street. There is no claim that the trains passing over the road have not been prudently and skillfully operated, but the damages sought are for the diminution in the market value of her property, because of the obstruction to her reasonable use of the street for egress from and ingress to her property, and from the throwing of smoke, soot and cinders upon and against her dwelling and a storehouse on the lot, by engines passing over the road in the usual way. That she has the right to elect to treat the railroad tracks in the street as permanent structures, and as if lawfully constructed there, there is no doubt. In Stickley v. C. & O. Ry. Co., 93 Ky. 329, this court said:

"There has been some criticism on the doctrine requiring a recovery in one action for that which is a permanent injury. In its application in cases involving the exercise of the right of eminent domain the doctrine must be recognized as sound and when a corporation enters and constructs its railway without the payment of compensation, and the owner sees proper to hold the company responsible at law for damages for the construction of the road, it seems to us it is a consent to the taking, and a recovery must apply to all damages for the permanent injury sustained by reason of the prudent operation of the road."

Upon the trial, the witnesses were examined as to the market value of the property before the building of

the tracks and since they were built, and the soot and cinders thrown upon appellant's property by passing trains, in the ordinary way. The appellant chose the measure of recovery desired by her, in that she offered instructions defining her rights and advising the jury as to the measure of damages, and these instructions were given by the court, and of these she can not complain. The instructions which were given upon appellant's motion, in substance, directed the jury, that if it believed from the evidence that appellee, in the construction of its railroad in the street in front of appellant's property, cut down or filled the street or built the road in such proximity to her property as to obstruct or hinder her ingress or egress to or from the property by way of the street, or that in the operation of the trains over the road soot, smoke or cinders were thrown upon the property, and it was thereby damaged, and that appellant was the owner of the property at the time of the construction of the railroad, to find for her; otherwise to find for the appellee. In arriving at the damages which it would allow, if a verdict was found for appellant, the jury was directed to first find the value of the property just before it was generally known that the tracks were to be put in the street, and the value just after the same were so laid in the street, and then to determine what proportion of that value was taken from her property by the obstruction of the street, if any, which deprived appellant of the reasonable use of same as a means of ingress and egress to and from her property, by the ordinary mode of travel, and the damages, if any, caused by the throwing of soot, smoke and cinders upon the property by the operation of the trains over the track. Hence, it seems that appellant selected the issues, and the jury was instructed as to the issues to be decided by them, as she desired. Hence, it seems that she elected to treat the railroad tracks in the street as permanent structures and to treat them as if they had been lawfully placed there, as the damages sought were such as she was entitled to if damaged by a railroad lawfully placed in the street. The issue as to whether or not she owned the property at the time of the construction of the road and whether or not it had depreciated in value on account of the alleged obstruction of the reasonable use of the street for ingress and egress to and from the property, or on account of smoke,

cinders or soot being thrown upon it, was submitted to the jury under instructions of her asking. Upon these issues the jury found against her. The evidence was sufficient to support the verdict, if the jury believed it.

Hence, the judgment is affirmed.