Louisville & Nashville Railroad Co. v. Orr.

CASE 18—PETITION ORDINARY—JANUARY 15.

# Louisville & Nashville Railroad Co. v. Orr.

APPEAL FROM KENTON CIRCUIT COURT.

1. RAILROADS—INJURY TO ABUTTING PROPERTY—LIMITATION.—Where a railway is constructed in a street by legislative authority, the cause of action for all damages that will naturally result to abutting property from the prudent operation of the road arises as soon as the cars begin to run, and an action by the owner of abutting property to recover such damages is barred after the lapse of five years from that date. But as to injuries resulting from an improper or careless operation of the road, a cause of action does not accrue until the wrong is done, and limitation runs only from that time.

In this case more than five years having elapsed after the road was first operated before this action was brought, the action was barred in so far as it sought a recovery for injuries resulting from the noise and smoke of passing trains, and from such obstructions of the street as naturally resulted from the prudent operation of the road; but the question should have been submitted to the jury as to whether or not the defendant could, by proper precaution, have prevented soot and cinders from escaping into plaintiff's dwelling, the plaintiff being entitled to recover for such injuries committed within five years before the bringing of the action, if they could have been thus avoided.

2. SAME—A width of nineteen feet on each side of the railroad track, excluding the sidewalks, which are twelve feet, is a sufficient passway, and, therefore, the plaintiff can not complain that his right of ingress and egress is unreasonably obstructed.

3. THE PURCHASER OF A RAILROAD IS NOT LIABLE FOR THE TORTS OF THE VENDOR. Therefore, the defendant in this case, having purchased from another company the road upon which plaintiff's property abuts, is not liable for injuries resulting from the improper operation of the road by its vendor.

4. RES JUDICATA.—The judgment in an action which involved only the right to construct the road is not a bar to this action.

LYTTLETON COOKE, J. C. WRIGHT AND GEORGE WASHINGTON FOR APPELLANT.

1. Authorities cited upon statute of limitations, and as to damages recoverable under original cause of action: Chicago, &c., R. Co. v. Loeb, 5 West. Rep., 887; Chicago, &c., R. Co. v. McAuley, 8 West. Rep., 457; Pratt v. Des Moines, &c., R. Co., 33 N. W. Rep., 666; Haisch

v. Keokuk, &c., R. Co., 33 N. W. Rep., 126; Frankle v. Jackson, Receiver, 30 Fed. Rep., 398; Troy v. Cheshire R. Co., 23 N. H., 101; 45 Ia., 652; Ottawa Gas Co. v. Graham, 28 Ill., 73; Ill. Cent. R. Co. v. Grabill, 50 Ill., 242; Cooper v. Randall, 59 Ill., 321; Decatur Gas Co. v. Howell, 92 Ill., 19; Chicago, &c., R. Co. v. Maher, 91 Ill., 312; 65 Mo., 332; 73 Pa., 38; E., L. & B. S. R. Co. v. Combs, 10 Bush, 382; J., M. & I. R. Co. v. Esterle, 13 Bush, 667.

2. Every day's continuance of a nuisance is, in judgment of law, a fresh and *original* injury, and accordingly the right to sue does not expire until, by lapse of time, the offending party has acquired a prescriptive right. (Railroad Co. v. Hambleton, 40 Ohio St., 496; Cooley on Torts, p. 619; Wood on Nuisances, sec. 865; Taylor's Landlord and Tenant, sec. 175.)

But this is not a case of nuisance, as appellant occupies Saratoga street both by legislative and municipal sanction.

3. Appellant is not liable for damages accruing prior to its operation of road on Saratoga street, as it neither expressly nor by implication assumed the payment of its predecessor's liabilities. (Chicago, &c., R. Co. v. Loeb, 5 West. Rep., 887, and authorities cited.)

4. Even if this could be regarded as a case of nuisance, the grantee of a nuisance can not be held liable on account of it until after notice and request to discontinue. (1 Duv., 254; Wood on Nuisances, sec. 73; Cooley on Torts, 611; 98 Miss., 39; 107 Mass., 355; 3 Allen, 264.)

5. Upon question of ingress and egress, and as to sufficiency of passway for ordinary purposes of travel, see Crosby v. O. & R. R. Co., 272; 10 Bush, 293; 10 Bush, 391; 13 Bush.

6. As to *damnum absque injuria*, see 8 Cent. Rep., 818, 827 (Pa.); 5 West. Rep., 893; 50 Ill., 242; 108 U. S., 317; 8 Ky. Law Rep., 788; 8 Pa., 366; 34 Serg. & Rawle, 71; Weeks on *Damnum Absque Injuria*, secs. 4 and 8.

C. L. RAISON, JR., FOR APPELLEE.

1. If the railroad company *unreasonably abridges* the right of the lot-owner in the use of the street, such exercise of its right by the railroad company ceases to be lawful as to the lot-owner, and subjects the company to an action for damages by him. (Lexington & Ohio R. Co. v. Applegate, 8 Dana, 293; 13 Bush, 667; 8 Dana, 289; 17 B. M., 772; 9 Bush, 264; 10 Bush, 288; 38 Ohio St., 45; Kemper v. Louisville, 14 Bush, 87.)

2. The court properly refused defendant's amended answer setting up the claim that it had purchased the road, and was not liable for the acts of its predecessor. But the instructions practically gave defendant the benefit of the plea, as the jury were told, in effect, that the obstruction must be continuous to enable plaintiff to recover.

One who receives property on which a nuisance exists and con-

tinues the nuisance is liable for all damages. (Railroad Co. v. Hamilton, 40 Ohio St., 497; Taylor's Landlord and Tenant, sec. 175; Brown v. Woodworth, 2 Barb., 550; Swords v. Edgar, 59 N. Y., 28; Wood on Nuisances, 951, 2d ed.; Shearman & Redfield on Negligence, sec. 56; Cooley on Torts, 608.)

Notice to defendant to abate the nuisance was not necessary. (Cooley on Torts, 612.)

3. If there be any limitation at all to such an action it is fifteen years. Such actions are not for trespasses to real estate, but actions on the case for the taking of property under the Constitution. (Esterle case, 13 Bush, 667; Railroad Co. v. Applegate, 8 Dana, 293; 17 B. M., 772; 9 Bush, 264; 10 Bush, 288, 382; 14 Bush, 87; 38 Ohio St., 45; 14 Ohio St., 243; 7 Ohio St., 459; 17 N. J. Eq., 75; Gen. Stats., p. 246; Railroad Co. v. Hamilton, 40 Ohio St., 497; Anderson v. Arnold, 79 Ky., 370.)

4. No length of time will prescribe for a nuisance. (Fowler v. Landers, Cro. Jac., 446; Weld v. Hornby, 7 East; Rex v. Cross, 3 Camp., 227; Wood on Nuisances, secs. 705, 706, p. 720; Cooley on Torts, pp. 613, 614.)

5. Mere failure to order the company off, or failing to sue promptly for damages, will not operate as a license to the company. (Roach v. Railroad Co., 54 Wis., 136.)

6. Upon the subject of trespass and limitation, see Wood on Limitations, p. 365, sec. 177; Bonomi v. Blackhouse, 5 Jur. U. S., 1345; Darby Colliery Case, Cent. L. J.; Wood on Lim., secs. 177, 180, 181, 182; Whitehouse v. Fellows, 10 C. B., U. S., 765; 72 Mass., 72; Wood on Nuisances, 717; Mam v. Gilliam, 1 Cold., Tenn., 488; Pollard v. Barnes, 2 Cush., 191.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee, Alfred Orr, instituted this action in the Campbell Circuit Court on the 10th of October, in the year 1884, against the appellant, the Louisville and Nashville Railroad Company, seeking to recover damages to his dwelling and its appurtenances, located on Saratoga street, caused by the construction of appellant's railway track on this street, the constant moving of trains upon this track, the prevention of ingress and egress to and from his property, the noise produced by the escape of steam, the cracking of the

walls of his house, and the emission of smoke, soot and cinders from the smoke-stack into the dwelling.

There was a judgment for thirteen hundred dollars in the court below that was brought to the Superior Court and reversed, and is now in this court on an appeal from the Superior Court.

This road was constructed and operated on this street, upon which appellee's dwelling fronts, by the Louisville, Cincinnati and Lexington Railroad Company in the year 1870 and 1871. While this company was operating its road its rights of property and franchises were sold upon a petition filed to enforce certain liens in the case of Douglas, trustee, against the company, and purchased by the Louisville, Cincinnati and Lexington *Railway Company*. The latter company operated the road until the year 1881 (November), when the present appellant, the Louisville and Nashville Railroad Company, became the owner, and has operated the road since its purchase. The defense denied the existence of the alleged wrongs, and pleaded the statute of limitations of five years.

This action was instituted in the year 1884, and the appellant became the owner of the road in the year 1881, and, therefore, the injury to the property of the appellee by appellant must have occurred between November, 1881, and October, 1884. The court below, however, seems to have made the appellant liable for all the injury, if any, to the appellee's dwelling, caused by the operation of the road by those in possession prior to its occupancy and operation by the appellant, and in this view of the law, which is a mistaken one, the plea of limitation was interposed.

Louisville & Nashville Railroad Co. v. Orr.

A railroad must be regarded as a permanent structure, and when its construction in the streets of a town or city is authorized by legislative and municipal authority, it can not be said to be a nuisance when operated in a careful and proper manner. All damages that would naturally result from the operation of the road can be ascertained and determined when the road is being constructed, or rather when it is operated, so as to show the damages that will necessarily result from its prudent management. If the right of ingress and egress is affected by it, the right of action arises so soon as the road is being used by running the cars and engines upon it; so the constant increase in the number of cars on the track, as public necessity may demand, caused by the growth of trade and commerce; all such matters enter into the question of damages. All such damages can be ascertained the moment the road is used for transporting freight and passengers, and after the lapse of five years an action for such damages is barred. They all may be recovered in a single action, and, therefore, the statute of limitation begins to run from the time the action could have been first instituted.

There seems to be a width of near nineteen feet on each side of the track, excluding the width of the sidewalks that are twelve feet, and, therefore, no cause of action exists as to the right of ingress or egress. That the appellee, with such a passway, has the reasonable use of the street is unquestioned, and if a recovery can be had for such damage as results from the mere inconvenience that the operation of the road causes the appellee, it then necessarily results

Vol. 91—8.

that the Legislature nor the municipality had the right to authorize the construction of the railway in front of appellee's lot. In such a case as this it should be held that the passway on either side is sufficient. The track of a railway may be operated by one company in such a manner as to cause a direct injury, resulting from the want of skill or care in those operating it, but when the track is operated by another company under a purchase that vests it with the right to use it, and having no other connection with the company committing the wrong than the fact of having made the purchase, we see no reason for holding the purchaser liable for the torts of the vendor. It is a distinct corporation under a different control, and is liable for its own acts, and not those of its predecessor. (Chesapeake, &c., Railroad Co. v. Griest, 85 Ky., 619.)

In ordinary actions for trespass to real estate the recovery is for the injury accruing up to the inception of the action; but where a railway is constructed in a street, the injury, if any, to the adjacent property, is permanent in its character, and continues as long as the road is operated, and the cause of action for the damages resulting from its prudent operation arises as soon as the cars begin to run, and in the estimate is included the future operation of the road, for, if otherwise, there would be a cause of action for every time the cars passed the dwelling of the owner. (Troy v. Railroad Co., 23 N. H., 83; Pratt v. Des Moines Railway Co., 72 Iowa, 249; Illinois Central Railroad Co. v. Grabill, 50 Ill., 241.)

In Chicago, &c., Railroad Co. v. McAuley, 121

Ill., 160, the court, in discussing a question similar to the one before us, held "that where the original nuisance is of a permanent character the damages are permanent, and the recovery must be had for the entire damage in one action; and such damages accrue from the time the nuisance is created, and from that time the statute of limitation begins to run." See also Railroad Company v. Combs, 10 Bush, 393. The damages resulting from the necessary and prudent operation of the road can not, therefore, be recovered in this action, because barred by the lapse of time, conceding the liability of the appellant as the vendee of the company constructing it. We have already seen, however, that for the wrongful and unskillful operation of the road by the original owner, from which damage arises, a subsequent purchaser is not liable.

The only question really involved in this case is as to the operation of the road by the appellant since its purchase. If it has injured appellee's property by placing it in greater peril by changing the grade or lessening the width of the passway on either side, so as to obstruct the passage to appellee's dwelling, the company is responsible. We have discovered no such state of case, and the only difference is the increased number of cars in transportation, with such increased burdens on the track as would necessarily result in the operation of such a railroad, and for which no liability rests on the appellant. The appellee was allowed to prove the depreciation in value of the property on this street by reason of the construction of this road, all of which was in-

competent; was also allowed to prove that the rate of speed was in violation of the city ordinance, which was equally so; and all other evidence affecting the question of damage resulting from the operation of the road prior to the purchase by the appellant should have been excluded from the jury.

In this State the use of the street by the railway may be granted by the Legislature, and the consequential damages resulting from this use gives to the owner of abutting property no cause of action. It is only where the rights of the owner are unreasonably abridged, and, therefore, the noise, the fear of injury from approaching trains, the smoke emitted from the pipes, and cinders that fall from the cars upon the street, constitute no cause of action; and even if it did, it is the necessary result of the operation of the road, and if special damage is caused by it the statute of limitation would apply as already indicated. In this case the street is about sixty feet in width, with a track in the center, and while the smoke from the cars may be taken by the wind to appellee's house, that can not well be avoided, it does appear that soot and cinders not only strike against but pass into the appellee's dwelling from the passing trains, and, if so, it is manifest that such wrongs could be avoided, and for such injuries there should be some remedy; and because a like injury has been inflicted on the owner by the original company, it does not follow that, in estimating the damage resulting from the original construction of the road, the jury or commissioners would have taken into consideration the fact that such an injury would likely

result from a prudent and careful operation of the road. While we can not adjudge that such an injury could, with proper precaution, be avoided, it seems to us that the jury should be allowed to say whether or not such an inconvenience and wrong would necessarily result from the running of cars in a prudent manner on this track; if so, the statute of limitation would apply in reference to this particular complaint, but if, by proper precaution, it could be prevented, the company should be held liable in damages for the injury resulting to the appellee from this want of care and precaution in operating its road. This is the question that, in our opinion, should have gone to the jury, and the instructions given to the jury were erroneous and misleading. If the fact exists that soot and cinders are thrown into plaintiff's dwelling by passing trains, is such an injury the result of an improper or careless operation of the road?

The action in equity relied on by the appellant as a bar to the recovery in this case, when examined, shows that the question involved was the right only of the original company to construct the road, and did not affect the question of damage, and, therefore, the answer presenting the defense was properly disregarded.

The judgment below is reversed, and the cause remanded for proceedings consistent with this opinion,