330        KENTUCKY REPORTS.        [Vol. 107

Commonwealth v. Felton, Receiver Cin., N. O. & T. P. Ry. Co.

CASE 56—INDICTMENT FOR MISDEMEANOR—Nov. 28.

# Commonwealth v. Felton, Receiver Cin., N. O. & T. P. Ry. Co.

### APPEAL FROM BOYLE CIRCUIT COURT.

RECEIVERS—INDICTMENT AGAINST.—A receiver who is operating a railroad is liable to indictment under section 772 of the Kentucky Statutes for failing to provide water closets at the stations of the road operated by him.

W. S. TAYLOR, ATTORNEY GENERAL, AND J. S. OWSLEY FOR APPELLANT.

JOHN W. YERKES AND C. B. SIMRALL FOR APPELLEE.
    (Record and briefs not in the clerk's office.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This is an indictment against appellee receiver for failing and refusing to provide a water-closet at the passenger station of Junction City.

A demurrer to the indictment was sustained, and the Commonwealth appeals.

The indictment avers that appellee, Felton, is the duly appointed, qualified and acting receiver of the Cincinnati, New Orleans & Texas Pacific Railway Company, and is and has been since 1893 operating the road as such receiver, and avers, also, a failure to provide a water-closet. There is no averment of the court in which appellee was appointed, but simply the fact of the receivership. It is insisted that section 772, Kentucky Statutes, upon which this indictment is based, applies to companies, and can not be applied to an individual or receiver.

It is also insisted that the receiver, being but the mere officer of the court appointing him, had no authority to

make improvements or expend money to comply with the statute. We can not assent to either of these propositions.

By section 457, Kentucky Statutes, under the title "Construction of Statutes," it is provided:

"The words, 'corporation,' 'company,' may be construed as including any corporataion, company, *person*, persons, partnership, joint-stock company or association." By an application of the provisions of this section to section 772, it would make any *person* operating a railroad liable for a failure to comply therewith.

This section would apply to a receiver as well as a person in his own right. The averment in the indictment that appellee is the receiver, and, as such, is operating the railroad, necessarily avers authority from the court appointing him receiver to so operate the railroad. If the appointment was by a State court, it is a sufficient averment that appellee was directed to obey the law in operating a railroad to aver that he was, by authority of court, operrating such road.

If the receivership came from the Federal Court, still the averment of the fact of operating the road under authority would be sufficient.

It is provided by Act of Congress, August 13, 1888, section 3, sub-section 2, "that whenever in any cause pending in any court of the United States there shall be a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the State in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

Thus it appears that no order of the United States Court would be necessary to authorize or permit appellee to

comply with the State statutes, but, on the contrary, the Federal statutes make it his duty so to do.

We are of opinion that the indictment stated sufficiently an offense, and that the court erred in sustaining a demurrer thereto.

For the reasons indicated, the judgment is reversed, and cause remanded for further proceedings consistent herewith.