CASE 82—ACTION TO RECOVER DAMAGES FOR INJURY TO LAND—Oct. 16.

# Louisville & N. R. R. Co. v. Cornelius.

### APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

RAILROADS—CULVERTS—CONSTRUCTION—SURFACE WATER—DIVERSION—
TRESPASS—LIMITATION.

Held: Though the negligence complained of in the petition in an
   action against a railroad company referred to the act of open-
   ing a culvert, and not to the manner of its construction, yet,
   as the issue made in the evidence, and presented to the jury
   by the instructions, was upon the question whether the con-
   struction of the culvert was proper and skillful, the injury
   resulting from collecting the surface water upon the land op-
   posite, and casting it in a body upon plaintiff's land, is not
   to be considered as of a permanent character, but each overflow
   was a distinct trespass, and the statute of limitations began
   to run only from the time when the overflow occurred.

W. F. BROWDER, EDWARD W. HINES, H. W. BRUCE, J. C.
   BROWDER AND WALKER D. HINES, FOR APPELLANT.

W. P. SANDIDGE AND S. R. CREWDSON, FOR APPELLEE.

   (No briefs in the record.)

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

Appellee brought suit against appellant company, al-
leging ownership of a tract of 85 acres of land adjoining
and to the north of appellant's right of way in Logan
county; that her land slopes gradually away from the
railroad, while the land immediately on the other side of
the road slopes gradually towards the railroad; that in
1856 appellant constructed a long fill along its right of
way at that point, and that for 30 years the surface water
upon the upper side flowed against the embankment, and
along the south side thereof, until it found an outlet; that

in 1886 the company "wrongfully, unlawfully, and negligently opened a narrow culvert under said fill opposite to plaintiff's land above mentioned, and as a result thereof all of said water which falls on said higher land on the south side of said railroad at said point is collected into said artificial channel or culvert, wrongfully and negligently constructed by defendant as aforesaid, and is discharged in a strong stream onto the plaintiff's land;" that in July, 1899, appellee had 20 acres of fine tobacco growing on her land; that at that time there was considerable rainfall, and the water falling on the upper side of the railroad opposite her land was collected in the culvert or artificial channel, and discharged in such force and in such volume on her land that it washed up and destroyed a large part of her tobacco crop, and washed away the best and richest portion of the soil; that ever since the construction of the culvert the water flowing through it has been destroying crops growing on her land, and washing away the soil therefrom. She prayed judgment for $1,000 damages. The answer was a general denial of negligence and damages. In one paragraph appellant pleaded the statute of limitations of five years, to which plea a demurrer was sustained. The principal question presented on this appeal is as to the sufficiency of the plea of the statute. On behalf of appellant, it is claimed that the negligence complained of referred to the act of opening a culvert, and not to the manner of its construction; that the cause of action set up is, therefore, for damages resulting from a proper reconstruction of the railroad, to which reconstruction the same rule should apply as to its proper original construction and operation. If this contention be correct, the doctrine laid down in Railroad Co. v. Orr, 91 Ky.,

109 (12 R. 756) 15 S. W., 8, is applicable, and the five-year statute of limitations is a bar to the action. The majority of the court, however, are of opinion that, whatever may be said of the issue as tendered in the petition, the issue made in the evidence and presented to the jury by the instructions was upon the question whether the construction of the culvert was proper and skillful. This being so, it follows that the injury resulting from collecting the surface water upon the land opposite and casting it in a body upon appellee's land is not to be considered of a permanent character, but each overflow was a distinct trespass, and the statute of limitations began to run only from the time when the overflow occurred. 24 Am. & Eng. Ency. Law, 95; Railroad Co. v. Emmert (Neb.) 73 N. W., 540 (68 Am. St. Rep., 602).

The instructions seem to have properly presented this view of the case to the jury, and the judgment is therefore affirmed.