Hay v. City of Lexington.

---

CASE 75—ACTION BY THOMAS R. HAY AGAINST THE CITY OF LEXINGTON FOR DAMAGES TO HIS HOUSE AND LOT BY RAISING THE STREET AND THEREBY THROWING WATER ON HIS PREMISES.— FEB. 3.

# Hay v. City of Lexington.

### APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

LIMITATION—CHANGE OF STREET GRADE—ACTION FOR DAMAGES FROM SURFACE WATER.

Held:   1. The cause of action for damages to .an abutting owner from a permanent improvement by the raising of the street grade, whereby the surface water from the pavement is thrown on his lot, accrues at the time of the change, so that the statute runs from that time.

FORMAN & FORMAN, FOR APPELLANTS.

### POINTS AND CITATIONS.

1. The trial court erred in peremptorily instructing the jury at the conclusion of the testimony for plaintiff to find for the defendant.

2. It was error to overrule plaintiff's grounds and motion for a new trial.

These rulings are deemed erroneous, and should be reversed' for these reasons:

(1) The petition alleges and the testimony shows that the injury complained of has been and is continuing in its nature; that the cause of it can be removed or remedied, and that appellant has sustained damage in the diminution of the rental value and in the rendering of the occupation of his property

less .comfortable and desirable, not only more than five years before the institution of his suit, but also *within five years* next before the bringing of his suit.

(2) The authorities establish the rule for cases of this sort, that where the injury is constantly recurring, and varies in accordance with the seasons, hence continuing in its nature, and the cause of it can be remedied or removed, and damage has been sustained by complainant within the statutory period, he may recover for the damage sustained within said period, even though his right of recovery for the *original wrong* and the damage resulting therefrom more than five years before the institution of his suit be barred by the statute of limitation. And this upon the eminently just principle that the continuance of a wrong can never any more make it right in law than in morals. City of Louisville v. Coleburne, 22 Ky. Law Rep., 64; Staples v. Spring, 10 Mass., 72; McConnell v. Kibbe, 29 Ill., 483; Bowyer v. Crook, 4 M. G. & S., 236; Holmes v. Wilson, 10 Ad. & El., 503; Sullens v. Chicago, &c. R. R. Co., 7 Am. St. Rep., 501; Van Orsdel v. Burlington, &c. R. R. Co., 56 Iowa, 470; Note and Authorities, 20 Am. St. Rep., 177; Hunt v. Iowa Central R. R. Co., 41 Am. St. Rep., 473; Wells v. New Haven, &c. Co., 21 Am. St. Rep., 421.

W. S. BRONSTON, CITY SOLICITOR, FOR APPELLEE.

Our contention in this case, is that by the principles of law already well established in the State of Kentucky, the owner in fee of a piece of property can not recover for an injury to same where the act which is alleged to have caused the injury, accrued more than five years before the institution of the action.

CASES CITED.

Ency. Pleading & Practice, vol. 13 p. 235; Ency. Pleading & Practice, vol. 13 p. 236; City of Louisville v. Coleburn, 22 Law Rep., 64; Harrison v. Silver Springs, (Tex. Civ. App., 896) 35 S. W., Rep. 744; Jean v. Hennesee, 69 Iowa, 373; Phillips Code Pleading, sec. 191; Philips' Code Pleading, sec. 336; West & Bro. v. L. C. & L. R. R. Co., 8 Bush, 409; Louisville & Nash. R. R. Co. v. Orr, 91 Ky., 109; Elizabethtown, &c. R. R. Co. v. Price, &c., 11 Ky. Law Rep., 367; City of Henderson v. Winstead, 22 Ky. Law Rep., 828; Leezer v. City of Louisville, 7 Ky. Law Rep., 829; Smith v. Tichmond, 19 Cal., 477; Sublett v. Tinney, 9 Cal., 423; Barringer v. Warden, 12 Cal., 311; Mason v. Cronise, 20 Cal., 212; Boyd v. Blackman, 28 Cal., 19; Palmtag v. Roadhouse, 34 Pac. Rep., 111; Bass v. Berry, 51 Cal., 264; Pleasants v. Samuels, 114 Cal., 34; Meyer v. Burk-

Hay v. City of Lexington.

leman, 5 Colo., 262; Young v. Whittenhall, 15 Kan., 579; Humphrey v. Carpenter, 39 Minn., 115; Edwards v. Bates Co., 55 Fed. Rep., (Mo.) 436; Smith v. Dean, 19 Mo., 63; Murphy v. Phelps, 12 Mont., 531; Combs v. Watson, 32 Ohio St., 228; Douglass v. Corry, 46 Ohio St., 349; Cotton v. Jones, 37 Tex., 34; Howell v. Howell, 15 Wis., 60; Tucker v. Lovejoy, 73 Wis., 66.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

The city of Lexington, in November, 1891, improved the roadway of North Broadway in front of the property of appellant, by the construction of a brick street. This improvement involved the alteration of the graded street, raising it slightly so as to leave the street and the sidewalk about 7½ inches above appellant's lot. This suit was brought in October, 1900, against the city, for damages resulting from the inconveniences caused appellant's tenants and the diminution of the rental value of his property by reason of the water being thrown onto his premises from the street, whereas before the change of the street it had been allowed to run down the street, and not onto appellant's lot. The evidence failed to show that the improvement complained of was in any wise negligent, or deficient in plan or execution. It further showed pretty conclusively that the improvement was a permanent one, as that term is used in this connection. The court, at the conclusion of appellant's evidence, directed peremptorily a verdict for the city.

This appeal involves alone the plea of limitation, appellee having interposed the plea of the five-year statute. At common law the judgment of the municipal governing body concerning the grading of its streets and the manner of its being done, so far as either was not negligent, was a matter within their discretion. Damages resulting from its proper exercise (that is, its exercise in the

absence of negligence) were not recoverable against the
municipality. Keasy v. City of Louisville, 4 Dana, 154,
29 Am. Dec., 395; Wolfe v. Railroad, 15 B. Mon., 409;
Chapman v. Railroad Co., 10 Barb., 360. For its neg-
ligent execution of its plan of public improvements the
city was, of course, liable to suit by the property owner
injured thereby. Section 242 of the present Constitution
provides that municipal and other corporations invested
with the privilege of taking private property for public
use shall make just compensation for the property taken,
injured or destroyed by them. This section of the Con-
stitution, as applicable to damage or injury done to abut-
ting property by a regrading of a public street, was first
under consideration by this court in City of Henderson
v. McClain, 102 Ky., 402 (19 R., 1450) 43 S. W., 700, 39
L. R. A., 349). There the question was fully considered,
and the court held that the municipality was liable under
this section for damage done abutting property in regrad-
ing a street, although under the previous decisions of the
court, including those cited above, it would not have been.
This has been followed in City of Mt. Sterling v. Jephson
(21 R., 1028) 53 S. W., 1046, and Thoman v. City of Cov-
ington (23 R., 117) 62 S. W., 721. But none of these cases
dealt with the question of limitation. They merely de-
termined the fact that the city was liable, whereas be-
fore the enactment of that section of the Constitution they
could not have been. The nature of this liability is not
changed from a tort by the section of the Constitution. It
merely extends to the municipality a liability for an act
which is essentially a tort, for which it had not before been
subject.

For appellant it is contended that the act of the city in
this instance constituted a continuing nuisance, which

rendered the city liable for each recurrence of damage to the premises in question. Many authorities from other jurisdictions are cited in support of this argument wherein the question is interestingly discussed. In this State, however, it is settled that, where the injury done by a public improvement, permanent in its nature, is such as' that the damages occasioned thereby are permanent, the recovery must be had for the entire damage in one action, and such damages accrue from the time the nuisance is first created, and from that time the statute of limitations begins to run. 'Railroad Co. v. Combs, 10 Bush, 382, 19 Am. Rep., 67; Railroad Co. v. Orr, 91 Ky., 109 (12 R., 756) 15 S. W., 8. Thus it appears that the city's wrong (its tort) is of that character for which it is liable, but the liability is an entirety, accrues upon the completion of the public work, and the damages therefor must be recovered in one action. The case of City of Louisville v. Coleburne (108 Ky., 420) (22 R., 64) 56 S. W., 681, is cited and relied on by appellant as settling a contrary rule. This case and others of the kind, such as Railroad Co. v Cornelius, 111 Ky., 752 (20 R., 771) 64 S. W., 732, and Finley v. City of Williamsburg (decided January 16, 1903) 24 R., 1386, 71 S. W., 502, are not authority in point. In all of these cases it appeared that the improvements causing the damage had been negligently made, and were, therefore, susceptible of remedy by repairing the defects. It must be evident that, if a public improvement of this nature is negligently done, so that its imperfect condition causes an unusual accumulation or flow of water upon the adjacent premises, the remedy will lay more effectually in repairing the defective part, and allowing damages for the injury up to that time, than by attempting to fix upon the probable damages for all time, or in assessing

them from time to time. On the other hand, if the work is of a permanent character, and perfectly done, nothing in the way of its betterment that could remedy the evil complained of is possible or practicable. All that could be done in that way has already been done. If, then, the injury is caused, and must, from the nature of the situation, continue, it is obvious that the only remedy is to measure the damages that will compensate for the injury, and give them to the party aggrieved. It is also equally clear that it must be then apparent, when such work is completed, just what this damage is likely to be. It is, in such case, the diminished value of the property in money, caused by the act in question. Railroad Co. v. Price, 11 Ky. Law Rep., 367; City of Henderson v. Winstead, 109 Ky., 328 (22 R., 828) (58 S. W., 777). This entire damage is then a cause of action against the wrongdoer.

The doctrine underlying the cases of Railroad Co. v. Cornelius, City of Louisville v. Coleburne, and Finley v. City of Williamsburg, supra, is that a continuing nuisance caused by a negligent construction, being susceptible of remedy by repairing the defective premises, gives to the demandant a new cause of action for each successive injury; for it was the duty of the wrongdoer, as it was in his power, to remove the cause of the recurring injuries. His failure to do so was a new cause of the damage, and therefore a basis for a new right of action therefor at each occurrence. This distinction between the two classes of cases is clearly recognized in Railroad Co. v. Orr, supra.

While it is argued for the appellant that the injury in this case was such as might be remedied by a special system of drainage or sewage at that point, nothing appears in the record to show this fact. No witness testified to it; nor does it appear what the present system is. The rec-

ord shows that the impairment of appellant's property is due to the fact that since the reconstruction of this street in 1891 the pavement has shed its surface water during rainy weather so that some part of it goes upon appellant's premises, damaging the walls and foundation of his houses, and making them undesirable as places of residence. This is an injury differing in degree only from any other inconvenience, annoyance, or impairment caused by such an improvement, which lessens the value of the property. It was not shown that it was practicable to provide at that point any different method of disposing of this natural and damaging incident from the one actually adopted. We are of opinion that the facts shown by appellant's evidence were such as to conclusively establish that the statute of limitation in favor of the city began to run in November, 1891, and the peremptory instruction was justified.

The judgment is affirmed.

Petition for rehearing by appellant overruled.