## Turner, et al. v. J. M. Brooks & Sons, et al.

(Decided December 20, 1912.)

### Appeal from Harlan Circuit Court.

Railroads—Blasting—Diversion of Stream—Nuisance—Rule as to Recovery.—Where a railroad and its contractors, by blasting rock into a river and permitting it to remain there, divert the flow of the water and cause it to flow on and injure the land of an adjoining landowner, the act is unlawful and wrongful from the outset, and constitutes a continuing nuisance; and a recovery may be had for each recurring injury. In such a case the right of action is in the owner of the land at the time the injury occurs, and the payment of damages to a former owner after he parted with title for injuries occurring while the title was in him is no defense to an action for damages by a subsequent owner for injuries occurring after his purchase.

W. F. HALL for appellants.

ACREE & STEWART for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In the years 1910 and 1911 the Wasioto and Black Mountain Railroad Company, a corporation organized under the laws of the State of Kentucky, was engaged in constructing a railroad along the Poor Fork of the Cumberland River. The contract for doing the work of grading, excavating, etc., was left to the Callahan Construction Company, which in turn contracted with J. M. Brooks & Sons to do the work. John L. Turner and Kenton Cornett owned a small tract of land on the opposite side of the river from where the grading, blasting and excavation were being done. Upon this prop-

erty are situated an ordinary storehouse, a barn and a gristmill and suitable millrace. Charging that the railroad company, the contractor, Callahan Construction Company, and the subcontractor, J. M. Brooks & Sons, blasted rock out into the river and so diverted the flow of the stream as to cause it to run over their land and injure their mill and other property, plaintiffs, John L. Turner and Kenton Cornett, brought this action to recover damages. At the conclusion of the plaintiffs' evidence, the court directed a verdict in favor of the defendants. Judgment was entered accordingly and plaintiffs appeal.

It appears that the property in question was purchased by plaintiffs from J. J. Huff by deed dated January 23, 1911. Prior to that time the construction of the railroad at a point just opposite the property had been begun. At this point there was a cliff of solid stone formation. To reduce the cliff to the required grade it was necessary to do considerable blasting. In doing this large quantities of stone were thrown into the river just opposite the mill property. The stone fell out into the river for a considerable distance. The defendants made no effort to remove it. The result was that the natural flow and current of the river was changed, and the water so diverted that it ran over the land of plaintiffs and injured both the land and the mill. Whether or not any blasting was done after plaintiffs purchased the property in question does not satisfactorily appear. It does appear, however, that nearly all of the blasting had been done prior to that time. After that time there was a high tide in the river, and considerable damage was done to the mill property.

After Huff sold to the plaintiffs, and on May 3, 1911, he himself brought suit against J. M. Brooks & Sons and the Callahan Construction Company to recover for damages to the property. He compromised the suit for the sum of $55. The receipt which he gave recited that the sum given him was in full settlement and compromise of all damages done to his property by J. M. Brooks & Sons or the Callahan Construction Company on account of J. M. Brooks & Sons' blasting and building the Wasioto and Black Mountain Railroad through his premises, and in full settlement of the damage suit brought by him against J. M. Brooks & Sons and the Callahan Construction Company in the Harlan Circuit Court on May 3, 1911.

Defendants insist that as the blasting was all done, and the property permanently injured, prior to the time of its purchase by plaintiffs, the right of action for such injury was in Huff alone, and that as plaintiffs purchased the property in its depreciated condition, they are not entitled to recover. If this were a case of a permanent structure, lawfully and properly built, the contention of the defendants would be sound, for in that event there could be only one recovery for all damages, past, present and future, and the vendor, Huff, alone would be entitled to recover. L. & N. R. R. Co. v. Lambert, 110 S. W., 305, 33 R., 199; L. & N. R. R. Co. v. Orr, 91 Ky., 109; Hay v. City of Lexington, 114 Ky., 669; Richmond v. Gentry, 136 Ky., 319; Stickley v. C. & O. Ry. Co., 93 Ky., 323. But even in the case of a permanent structure, if the structure be unlawfully or negligently built, and by reason thereof injury is inflicted from time to time, there may be recurring recoveries. City of Louisville v. Colburn, 22 R., 64; Klosterman, &c. v. C. & O. Ry. Co. 22 R., 192; Finley v. Williamsburg, 24 R., 1338; Madisonville, Hartford & Eastern R. Co., et al. v. Graham, 147 Ky., 604. This is not a case of a structure. The act of the defendants in blasting the stone into the river, and permitting it to remain there to the injury of others, was not based on any semblance of right. Being unlawful and wrongful from the very outset, we see no way in which it may become rightful as to the owners of the land, so long as any recurring injury occurs, unless by release or grant, or the payment of a sum covering all damages, past, present and future. Until this be done, or the nuisance be abated, recoveries may be had for each recurring injury. As recoveries may be had for each recurring injury, it follows that the right of action for each recurring injury is in the owner of the premises at the time the injury results, and a payment to a former owner after he has parted with title for injuries resulting to the property while owned by him is no defense to an action by a subsequent owner for injuries to the premises occurring after his purchase. As there was evidence tending to show an injury to the property after its purchase by the plaintiffs, and that this injury resulted from an unlawful act of the defendants in blasting the stones into the river and diverting

its flow, it follows that the trial court erred in giving a peremptory in favor of defendants.

Judgment reversed and cause remanded for new trial consistent with this opinion.