## Lexington & Eastern Railway Company. v. Napier.

(Decided May 20, 1919.)

### Appeal from Perry Circuit Court.

1. Damages—Verdict—Excessiveness.—In an action for injury to land caused by the diversion of the waters of a river, and by blasting rocks and other debris thereon, evidence examined and a verdict in favor of the plaintiff for $850.00 held not excessive.

2. Appeal and Error—Damages—Evidence.—In an action for injury to land caused by diversion of water, permitting the plain-

tiff to state, in addition to the market value of the land before and after the injury, the amount of damage, was not prejudicial, since the amount of damage would have been a matter of easy calculation had he testified only to the market value of the land before and after the injury

3. Appeal and Error—Water and Water Courses—Injury to Land—Damages—Evidence.—In an action against a railroad company for injury to land caused by diversion of water, it was not error to exclude from the jury all evidence of the natural increase in the value of the land or of such increase as was caused by the construction of the railroad.

4. Water and Water Courses—Injury to Land—Damages—Trial—Instructions.—In an action against a railroad company for injury to land caused by throwing rocks and other debris into the river and diverting the waters thereof, the measure of damages was the difference between the market value of the land immediately before and after the injury, and not the difference between its market value before it became generally known in the community that the fill would be constructed and its market value after it became so known that the fill would be constructed, since no injury was apparent until after the rocks and the debris had been thrown into the river

WOOTTON & MORGAN and BENJAMIN D. WARFIELD for appellant.

HOGG & JOHNSON and F. J. EVERSOLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, R. C. Napier, brought this suit against the defendant, Lexington & Eastern Railway Company, to recover damages for injury to his land caused by the diversion of the waters of the North Fork of the Kentucky river, and by blasting rocks and other debris on his land. A trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $850.00. The defendant appeals.

In constructing its railroad on the opposite side of the river from plaintiff's land, the company blasted from the side of the mountain and hauled out of the tunnel large quantities of rock and other debris, and dumped it into the river, thus filling up a considerable portion of the river bed for a distance of 600 or 800 yards. This change in the channel of the river so diverted its waters as to cause them to flow over and against plaintiff's land with greater force and velocity than they formerly flowed, and to wash away and otherwise injure the land.

It further appears that large quantities of rock were blasted on the land, and that the removal of the rock entailed considerable expense.

It is first insisted that the damages were excessive. Plaintiff's evidence shows that the land was worth from $200.00 to $500.00 an acre, and that practically three acres of land had already been washed away. The court fixed the measure of damages as the difference between the market value of the land immediately before and after the injury. In determining its market value after the injury, the jury had the right to consider not only the damages then appearing, but such as would necessarily result because of the permanency of the obstruction in the river. Viewing the case in this light, we are not prepared to say that the damages allowed were excessive.

Complaint is made of the fact that plaintiff was permitted to fix the damage by first stating that the market value of the land before the injury was so much, that the damage was so much, and the present market value was the difference between the sum fixed as its market value before the injury and the sum fixed as the amount of damages. While it would have been better to have required the witness merely to state the market value before and after the injury, we do not regard the fact that he stated the amount of damages as prejudicial, because the amount would have been a matter of easy calculation had he testified only to the market value of the land before and after the injury.

There was no error in excluding from the jury all evidence of the natural increase in the value of the land, or of such increase as was caused by the construction of the railroad. This is not a case calling for a balancing of benefits and injuries. Any appreciation in the value of plaintiff's land, due to natural causes or to the construction of the railroad, plaintiff was entitled to as a matter of right, and defendant, which diverted the flow of the river and otherwise injured the land, cannot plead such benefits as a setoff against its liability.

Lastly, it is insisted that the court erred in fixing the measure of damages as the difference between the market value of the property immediately before and after the injury, instead of the difference between its market value before it became generally known in the community that the fill would be constructed, and its market

value after it became so known that the fill would be constructed, as presented in an offered instruction. It may be conceded that the latter measure of damages is applicable where the very presence of a permanent structure is of itself an injury to adjoining land. L. & N. R. Co. v. Lambert, 110 S. W. 305; City of Henderson v. Crowder, 91 S. W. 1120; King v. Board of Council, City of Danville, 128 Ky. 321, 107 S. W. 1189. But that rule has no application to the facts of this case. Here, neither the construction of the railroad itself nor the mere presence of the fill, was of itself an injury to plaintiff's land, and no one could have anticipated that any injury would result. If the offered instruction had been given, the jury would have been required to fix the damages upon a basis that would have afforded plaintiff no relief whatever, for no injury was apparent until after the fill was constructed and the rocks and the debris had been thrown into the river. Hence, we conclude that the court gave to the jury the proper measure of damages and did not err in refusing the offered instruction.

Judgment affirmed.