## Louisville & Nashville Railroad Co., etc. v. Craft.

(Decided June 14, 1921.)

### Appeal from Letcher Circuit Court.

1. Limitation of Actions—Action for Damages for Injury to Land Not Barred Where Suit Was Brought Within Five Years After the Injury Occurred.—An action against a railroad company for making an excavation on plaintiff's land and removing the soil therefrom, and for blasting rocks into the river and drowning his mill, was not barred by limitation where the suit was brought within five years after the injury occurred.

2. Railroads—Eminent Domain—Damages Not Included in Compensation Paid for Right of Way.—Where a railroad company entered upon land outside of the right of way and removed the soil therefrom, and also caused a direct injury to plaintiff's mill by casting stones into the river and so changing the flow of the water as to drown the mill, such damages are not included in the compensation paid for the right of way under the condemnation proceedings.

3. Railroads—Diversion of Stream—Nuisance—Party Entitled to Recover.—Where a railroad blasts rocks into a river and thereby changes the flow of water so as to injure a mill, the act is unlawful and wrongful from the outset, and constitutes a continuing nuisance for which recurring recoveries may be had, and a joint owner, who subsequently acquires the title of the other joint owners, may recover for the entire damage occurring after he acquires title.

4. Trial—Instructions—Duty of Court.—If a party offers an instruction which is refused by the court because of defect in form or substance, then it is the duty of the court to give a proper instruction on the point attempted to be covered by the instruction offered.

5. Appeal and Error—Trial—Instructions—Failure of Court to Give a Correct Instruction on Measure of Damages Where an Incorrect Instruction Was Offered.—Where the court gave no instruction on the measure of damages, it was error not to give a correct instruction on that subject where defendants offered an incorrect instruction covering the point.

6. Damages—Waters and Water Courses—Diversion of Water—Injury to Mill—Measure of Damages.—The measure of damages for injury to a mill, caused by blasting rocks into a river and changing the flow of the water, is such a sum as will compensate plaintiff for the diminution in the value of the use of the mill.

B. D. WARFIELD and MORGAN & HARVIE for appellants.

HAYS & NEWMAN and D. D. FIELDS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

Plaintiff, Archelus C. Craft, brought suit against the Louisville & Nashville Railroad Company and the Lexington & Eastern Railway Company to recover damages for the excavation and removal of soil from his land, and for injury to his mill caused by blasting rocks into the river and changing the flow of its waters. The jury fixed the damages for the injury to the land at $50.00 and for injury to the mill at $750.00. The defendants appeal.

The facts are these: Joseph E. Craft was the owner of a tract of land lying on the North Fork of the Kentucky river in Letcher county. Upon his death in October, 1910, the land descended to his wife, Rosa Craft, and his heirs, including plaintiff. Thereafter the land was partitioned and conveyed by the special commissioner to the respective owners by deed dated April 27, 1912.

Before the land was partitioned, the railroads brought condemnation proceedings to acquire a right of way through the land. The suit resulted in a verdict fixing the damages at $3,500.00, which the companies paid. While constructing the railroad, the companies entered upon the land outside of their right of way and made an excavation about fifty feet wide and one hundred and fifty feet long, and removed the soil therefrom and destroyed a valuable apple tree. It further appears that they blasted rock into the river and thereby changed the flow of the water in such a way as to drown the mill.

It is first insisted that the action was barred by the statute of limitations. In reply to this contention it is sufficient to say that the injury occurred in the fall of 1911, and the suit was brought on July 3, 1916, and therefore within five years from the time the cause of action accrued.

Another contention is that the damages were included in the compensation paid for the right of way. Clearly

this is not a case of incidental damages growing out of the prudent construction and operation of the railroad. On the contrary it is a case where the railroad companies entered upon land outside of the right of way and removed the soil therefrom, and also caused a direct injury to plaintiff's mill by casting stones into the river and so changing the flow of the water as to drown the mill. In such a case, the railroad company is liable, irrespective of the question of negligence, Langhorne v. Turman, 141 Ky. 809, 133 S. W. 1098, 34 L. R. A. (N. S.) 211, and such damages are not covered by the price paid for the right of way. Madisonville H. & E. R. Co. v. Renfro, 127 S. W. 508; Childers v. L. & N. R. R. Co., 74 S. W. 241.

The further point is made that the injury to the mill occurred before the land was partitioned, and that plaintiff either acquired the title subject to the injury, or, as there were four heirs to the property, he was entitled to recover only one-fourth of the damages. We had occasion to consider a similar question in the case of Turner v. J. M. Brooks & Sons, 151 Ky. 310, 151 S. W. 948, where the facts were as follows: J. M. Brooks & Sons blasted rocks into the river and so diverted the flow of the stream as to cause it to run over the land of plaintiff and injure their mill and other property. Plaintiff purchased the property from J. J. Huff, and the blasting was done while he owned the property. After Huff sold the property he brought suit against Brooks & Sons to recover damages for the injury to the property. He compromised the suit for the sum of $55.00. The point was made that plaintiffs purchased the property in its depreciated condition and were not entitled to recover. In denying this contention, the court said:

"Defendants insist that as the blasting was all done, and the property permanently injured, prior to the time of its purchase by plaintiffs, the right of action for such injury was in Huff alone, and that, as plaintiffs purchased the property in its depreciated condition, they are not entitled to recover. If this were a case of a permanent structure, lawfully and properly built, the contention of the defendants would be sound, for in that event there could be only one recovery for all damages, past, present and future, and the vendor, Huff, alone would be entitled to recover. L. & N. R. R. Co. v. Lambert, 110 S. W. 305, 33 Ky. L. Rep. 199; L. & N. R. R. Co. v. Orr, 91 Ky. 109, 15 S. W. 8, 12 Ky. L. Rep. 756; Hay v.

City of Lexington, 114 Ky. 669, 71 S. W. 867, 24 Ky. L. Rep. 1495; Richmond v. Gentry, 136 Ky. 319, 124 S. W. 337, 136 Am. St. Rep. 255; Stickley v. C. & O. Ry. Co., 93 Ky. 323, 20 S. W. 261, 14 Ky. L. Rep. 417. But even in the case of a permanent structure, if the structure be unlawfully and negligently built, and by reason thereof injury is inflicted from time to time, there may be recurring recoveries. City of Louisville v. Coleburne, 108 Ky. 420, 56 S. W. 681, 22 Ky. L. Rep. 64; Klosterman v. C. & O. R. Co., 56 S. W. 820, 22 Ky. L. Rep. 192; Finley v. Williamsburg, 71 S. W. 502, 24 Ky. L. Rep. 1338; Madisonville, Hartford & Eastern R. Co. v. Graham, 147 Ky. 604, 144 S. W. 737. This is not a case of a structure. The act of the defendants in blasting the stone into the river and permitting it to remain there to the injury of others, was not based on any semblance of right. Being unlawful and wrongful from the very outset, we see no way in which it may become rightful as to the owners of the land, so long as any recurring injury occurs, unless by release or grant, or the payment of a sum covering all damages, past, present and future. Until this be done, or the nuisance be abated, recoveries may be had for each recurring injury. As recoveries may be had for each recurring injury, it follows that the right of action for each recurring injury is in the owner of the premises at the time the injury results, and a payment to a former owner after he has parted with title for injuries resulting to the property while owned by him is no defense to an action by a subsequent owner for injuries to the premises recurring after his purchase.''

Under this rule plaintiff was entitled to recover all the damage that resulted to the mill after he acquired the entire title, and his right of recovery being so limited by the instructions, the railroads have no cause for complaint.

In submitting the issue of the injury to the mill, the court authorized the jury to find for the plaintiff ''such sums in damages, if any, he has sustained thereby since the 27th day of April, 1912, so the sum so found, if anything, does not exceed the sum of $1,000.00, the amount claimed in the petition.''

Though defendants offered an incorrect instruction on the measure of damages, no instruction other than the above was given. It has long been the settled practice, that if a party offers an instruction which is refused by the court because of defect in form or substance, then it

is the duty of the court to give a proper instruction on the point attempted to be covered by the instruction offered. West Ky. Coal Co. v. Davis, 138 Ky. 667, 128 S. W. 1074. It was error under the facts of this case not to follow this practice and to give a correct instruction on the measure of damages. In view of another trial, we deem it proper to say that the court should have told the jury in substance that if they found for the plaintiff under instruction No. 4, they should find such a sum in damages as would reasonably compensate plaintiff for the diminution in the value of the use of the mill.

We find no error in that part of the judgment awarding plaintiff $50.00 damages for the destruction of his apple tree and the injury to his land caused by the excavation.

Wherefore that part of the judgment awarding plaintiff $50.00 damages is affirmed, while that part of the judgment awarding him damages in the sum of $750.00 for injury to the mill is reversed and cause remanded for new trial consistent with this opinion.