## Pence v. City of Danville.

(Decided April 10, 1912.)

## Appeal from Garrard Circuit Court.

Land—Overflow of—Damages, Action for—Ownership of Land.—In an action for damages for the overflow of land resulting from the building of a dam, it appearing that plaintiff was not the owner of it at the time of the overflow, the cause of action was not in her. The injury had been sustained when she purchased it, she took the land in its damaged condition, and it must be presumed that the damage to it by reason of the overflow was taken into consideration and accounted for to her in fixing the price which she was required to pay.

R. H. TOMLINSON, Esq., for appellant.

J. E. ROBINSON and EMMETT V. PURYEAR, Esq., for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In May, 1909, Sallie Pence filed suit in the Garrard Circuit Court in which she sought to recover of the city of Danville damages alleged to have been sustained by her as follows: She is the owner of a farm located in Rice's Bend of Dick's River in Garrard County, Kentucky. The city of Danville had, prior to the purchase of said farm by her, built a dam across Dick's River for the purpose of securing its water supply. It is alleged that in 1904 and 1905, for the purpose of increasing the water supply, the said city caused the dam to be raised six or eight feet, thereby causing the water in Dick's River to rise and back upon and over a portion of plaintiff's land, some four or five acres being inundated all of the time and ten or twelve acres a portion of the time. Growing upon a part of this land was some valuable timber, which, it is alleged, was injured and destroyed by reason of the rise in the river; and there was also a tenement house which it is claimed was rendered useless; and a valuable spring near it was destroyed.

The defendant pleaded that the improvements made upon the dam were permanent in their nature and had all been made before the date of the purchase of the land affected thereby, and that plaintiff, having purchased with notice of the condition, was not entitled to recover; and, second, that the improvements were completed in

October, 1904, and no suit having been begun by her for more than five years thereafter, her right of action, if she ever had any, was barred at the time the suit was brought, and it pleaded and relied upon the five year statute of limitation.

Issue was joined upon these defenses, the case proceeded to trial, and at the conclusion of the evidence the court peremptorily instructed the jury to find for the defendant, which was done, and judgment having been entered in accordance therewith, the plaintiff appeals.

This land was a part of the farm owned by J. A. Rice and in the settlement of his estate it was sold by the master commissioner under order of court and purchased by one A. M. Pence, brother-in-law of appellant. Thereafter he transferred his bid and purchase as to a portion of said land to appellant and the deed was made to her for that part of his purchase, but title to the remainder of the land was retained by him and he received a deed therefor from the master commissioner. On August 28, 1906, he sold and conveyed the portion of the farm for which he had taken title to himself to his sister-in-law.

Appellant offered to testify that this land, while not conveyed to her by her brother-in-law until 1906, was in fact purchased by him for her in 1903. The court rejected this evidence. She likewise offered to prove that her brother-in-law had stated that he intended this land for her, and this evidence was rejected. Complaint is made that the court erred in refusing to consider this evidence as to her ownership of the property prior to the date upon which the deed was made to her for it. The petition alleged that the appellant was the owner of the land, and in support of this plea she filed her deeds, and it is conceded that the deed covering the portion of the land involved in this litigation was made to her by her brother-in-law after the addition to the dam had been made. She did not claim to be the owner of the equitable title to this land, or that it was held by her brother-in-law in trust for her, and in the absence of any plea to that effect the court correctly held that this evidence was incompetent. The fact that she had it in her possession and did not pay her brother-in-law any rent therefor does not strengthen her claim, for he may have permitted her to use it rent free on account of his relation to her, without recognizing any right to title or ownership in her. The very fact that

he conveyed it to her in 1906 for a consideration entirely different from that which he paid for it is a circumstance altogether at variance with the claim of appellant that he bought it for her. If he bought it for her and held it for her benefit she would have been entitled to have had it conveyed to her upon the same terms upon which he bought it. The fact that he did not do so, while not conclusive, is persuasive that he was not holding it for her benefit. It is altogether probable that when he bought it he intended that she should have it when she became able to pay for it, and for this reason he took title to himself and held it for more than three years and until such time as he considered her able to undertake to pay for it.

The evidence shows that the improvement on the dam is of a permanent nature and was completed a year or more before appellant became the owner of the land to which the injury is alleged to have been caused by the overflow. Any damage that resulted to it, therefore, by reason of this increased height of the dam, was caused while the title thereto remained in her brother-in-law, and any cause of action on account thereof was in him, and his failure to assert such right as he may have had does not have the effect of transferring to his vendee, the appellant, the right to sue therefor. The injury had been sustained when she purchased. She took the land in its injured or damaged condition, and it must be presumed that the damage to the farm by reason of the overflow was taken into consideration and accounted for to her in fixing the price which she was required to pay. City of Richmond v. Gentry, 136 Ky., 319; Louisville & Nashville R. R. Co. v. Lambert, 110 S. W., 305; and Stickley v. Chesapeake & Ohio R. R. Co., 93 Ky., 323.

Judgment affirmed.