## Smith, et al. v. Collins.

(Decided June 15, 1923.)

### Appeal from Marion Circuit Court.

1. Eminent Domain—Damages from Erection of Permanent Dam can Only be Recovered by Owner at Time of Erection.—Where a concrete dam and wing wall were permanent structures, the right of action for damages to riparian land resulting therefrom was in the owner of the land at the time when the structures were erected, and such damages cannot be recovered by one who purchased the land after the erection.

2. Eminent Domain—Mill Having Right to Condemn Riparian Rights for Water Power Purposes Liable Only to Owner at Time of Erection of Dam.—Since such riparian rights as are required for water power for mill purposes may be condemned under Ky. Stats., section 2712, the right to recover damages for the erection of a permanent dam at the head of a millrace is vested only in the owner of the land at the time of the erection, even if that rule is limited to cases of structures erected by corporations having the power of eminent domain.

3. Eminent Domain—Mill Presumed to have Lawfully Acquired Riparian Rights.—Riparian rights for a dam and wing wall for a millrace are presumed to have been lawfully acquired where it is shown that they have been enjoyed since before the Civil War, and that the public records, where evidence thereof would have been found, were destroyed during that war.

4. Eminent Domain—Floods Held Not Caused by Cutting Trees Along Millrace.—In an action for the flooding of plaintiff's lands, evidence held to show that the damage was due entirely to unusual rains, and the original construction of the dam, and wing wall

for which defendant was not liable, and not to the. cutting of the trees by defendant's employes along the millrace.

5.  Judgment—Dam Owner Not Liable for Act Not Alleged as Cause of Flooding.—In an action against the owner of a dam for the flooding of plaintiff's land, there can be no recovery for the aggravation of damages by a breach in a loose stone barrier maintained by defendant, where no cause of action was predicated thereon in the pleadings in whole or in part.

HUGH A. COOPER for appellants.

H. S. McELROY, W. H. SPRAGENS and P. K. McELROY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellants jointly own 23 acres of bottom land, which is bounded on the north by appellee's millrace, and on all other sides by Rolling Fork river. By this action they sought to recover of appellee damages for causing the water of the river "in high tides" to overflow this tract of land and wash soil therefrom.

In their petition as amended, it is alleged that appellee caused the complained-of overflows (1) by wrongfully erecting a concrete dam across the river below the head of the millrace and just above their land, (2) by cutting trees and undergrowth from the southern edge of the millrace, and (3) by the wrongful erection of a concrete wing wall at his mill near the lower end of the millrace.

After denying the allegations of the petition, defendant plead that plaintiffs purchased the land after the erection of the concrete dam and wall, with knowledge of the conditions, and were therefore estopped and without right to maintain an action for damages occasioned thereby; that the damage, if any, was occasioned by unusual rains and extraordinary floods and by plaintiffs' contributory neglect, by which the channel of the river below the dam had become obstructed, and that continuously, for more than thirty years, the dam, wall, mill, and millrace had been operated, maintained, and owned by defendant and those under whom he claims, in practically the same condition and way as at the time complained of.

These pleas were traversed of record, and, upon a trial, a verdict was directed for defendant at the close of plaintiff's evidence, and they have appealed from the judgment entered thereon dismissing their petition.

It clearly appears from plaintiffs' evidence that the concrete dam and wall were erected by defendant, about three years before plaintiffs purchased the land, to supplant like wooden and earth structures which had been used and maintained continuously and as a right, since before the Civil War, in connection with the mill now owned and operated by defendant; that for many years this land has been overflowed and washed in all "high tides," and was purchased by plaintiffs with actual knowledge of all these facts.

Passing the question of estoppel and the fact that the involved overflows were caused primarily by unusual rains and floods, it is perfectly clear that the concrete dam and wing wall are permanent structures, and that the cause of action for damages to the land resulting therefrom, if any, was not in plaintiffs, but in their predecessor in title, who owned the land when the structures were erected. Pence v. City of Danville, 147 Ky. 683, 145 S. W. 385; L. & N. R. R. Co. v. Lambert, 110 S. W. 305, 33 Ky. L. R. 199; Payne, Agent v. Smith, 198 Ky. 564, 251 S. W. 979, and many cases cited therein. See also 40 Cyc. 686.

Counsel for appellants seeks to avoid the application of this rule here, upon the theory that it applies only where permanent structures are built by municipalities or public service corporations having the power of eminent domain. But even if this were true, the rule is applicable here, since such riparian rights as are required for water power for mill purposes may be condemned under our statutes (section 2712). And presumably such rights were lawfully acquired here, since it was shown they have been enjoyed since before the Civil War, and it is stipulated the public records, where evidence thereof would have been found, were destroyed during that war.

Hence plaintiffs, on their own evidence, were without right of action upon the first and third causes asserted in their petition.

They proved that defendant's employes had cut several trees along the southern edge of the millrace, as alleged in their petition, but their proof does not indicate that these acts, if wrongful, caused any of the damage of which they complain. In fact, their evidence shows quite conclusively that the complained-of overflows were due entirely to unusual rains and the original construc-

tion of the dam and wing wall, for which defendant was not liable to plaintiffs, except as these primary causes of any damage sustained by them may have been aggravated by a breach in a loose stone barrier maintained by defendant above his dam and below the head of the millrace. But as this latter fact was not referred to in the pleadings, and the cause of action was not predicated thereon in whole or part, it is manifest defendant was not apprised of or required to meet any such claim, and that plaintiffs could not recover therefor in this action without amending their pleadings, which they did not offer to do.

We are therefore of the opinion that the trial court did not err in directing a verdict for defendant, and the judgment entered thereon is affirmed.